FULKS *v.* STATE OF INDIANA.

[No. 569S114. Filed October 13, 1970. No petition for rehearing filed.]

*Robert A. Mucker, Richard T. Heide,* of Lafayette, for appellant.

*Theodore L. Sendak,* Attorney General, *William F. Thompson, Aaron T. Jahr,* Deputies Attorney General, for appellee.

GIVAN, J.—Appellant was charged by affidavit with the crime of armed robbery. Trial by jury resulted in a verdict of guilty. Judgment was rendered by the court sentencing the appellant to ten years in the Indiana State Prison.

The evidence in this case discloses the following facts:

On the 11th day of April, 1968, one Jane E. Higgins was employed as a cashier at Cinema West Theater in West Lafayette, Indiana, operated by Fourth Avenue Corporation. At about 9:40 P.M. Miss Higgins had closed the box office at the theater and had counted most of the money when two men approached the box office with guns in their hands. One of the men, whom Miss Higgins identified as Cecil L. Fulks, the appellant in this case, stood directly in front of her and handed her a paper sack. Miss Higgins placed the theater money in the paper sack and handed it to the man identified as the appellant.

While the robbery was in progress one Steven Rosendahl, the theater manager, came out of his office and saw a man

whom he identified as the appellant and another man standing in front of the box office. Both men were holding guns. He identified the appellant as the one who received a paper bag full of money from Miss Higgins. Mr. Rosendahl was able to determine by a check of the beginning cash and of the tickets sold that $826.50 had been taken.

One Joseph Lee Kennon testified he was employed as a doorman at the theater; that he observed two men, one of whom he identified as the appellant, approach the box office with guns and obtain a paper bag containing money from Miss Higgins.

Following the appellant's arrest on a charge of armed robbery, he was taken to the Lafayette City Court for preliminary hearing. The Witness Kennon was present in the City Court at that time at the request of police officers who, after the hearing, asked Mr. Kennon if he saw anyone who looked familiar, to which he replied he did.

Appellant first claims error in that at the time of his arrest and interrogation he was not advised of his right to counsel, and that he was interrogated without counsel even though he had requested counsel to be present. It is true that under the authority of *Miranda* v. *Arizona* (1966), 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694, no confession, inculpatory statement or exculpatory statements made by a defendant may be used against him unless he has first been advised of his constitutional right to counsel. However, in the case at bar the appellant denied participation in the crime charged and at no time confessed any participation in the crime, nor did he make any statements from which his participation in the crime could be implied. Although the record in this case indicates the appellant did not receive the constitutional warnings required in the *Miranda* case, he has failed to demonstrate to this Court that he was harmed in any way by this failure. This Court has previously held that in a situation of this kind the *Miranda* case is not applicable.

*Nathaniel Jones* v. *State of Indiana* (1970), 253 Ind. 480, 20 Ind. Dec. 262, 255 N. E. 2d 219.

Appellant also argues that his constitutional rights were violated in that he was required to appear in City Court for preliminary hearing without the aid of counsel, even though he had requested counsel.

Much has been said, both by the Supreme Court of the United States and by the Supreme Court of Indiana, concerning the right to counsel at all stages of the proceedings against a criminal defendant. *Miranda* v. *Ariz., supra; Powell* v. *Ala.* (1932), 287 U. S. 45, 53 S. Ct. 55, 77 L. Ed. 158; *Thomas* v. *State* (1969), 251 Ind. 546, 16 Ind. Dec. 358, 242 N. E. 2d 919; *Shack* v. *State* (1967), 249 Ind. 67, 11 Ind. Dec. 713, 231 N. E. 2d 36; *State* v. *Minton* (1955), 234 Ind. 578, 130 N. E. 2d 226. There can be no question that the right to counsel is a sacred constitutional right which must be protected at all times. However, the argument of appellant requires us to examine the mechanics of how the state must go about affording this constitutional right. Certainly, police officers who have arrested an accused have no authority to appoint counsel. They are required by law to take an accused before a magistrate with reasonable dispatch. Burns Ind. Stat., 1956 Repl., § 9-704a. Burns Ind. Stat., 1956 Repl., § 9-706 requires that the judge before whom an accused is taken for preliminary hearing give the accused an opportunity and time to employ counsel, if he so desires. There is no evidence in this record that the court did not comply with this section of the statute.

An examination of this record discloses that when the appellant first appeared in the circuit court he informed the circuit judge that he was making arrangements for employment of counsel to defend him and requested a continuance in order that he might be able to complete his employment arrangements. This continuance was granted by the court. On June 5, 1968, Richard T. Heide, who is also one of the counsel

for appellant in this appeal, entered his appearance on behalf of the appellant. Intervening motions were filed. Eventually, September 27, 1968, was set as arraignment date for the appellant. At that time he appeared by counsel, Richard T. Heide, and Mr. Heide requested leave to withdraw his appearance as counsel for the appellant, and the appellant requested counsel be appointed to defend him at public expense, then alleging that he was without funds to continue private employment. It was at this time the court granted his petition for appointment of counsel at public expense, and the court appointed Richard T. Heide, who had previously been privately employed by the defendant, to continue as his defense counsel at public expense.

From this record we fail to see any violation of the safeguard of representation of the appellant by counsel in view of the fact that it is a judicial function to determine whether counsel shall be appointed at public expense.

It is most unrealistic to say that when an accused is first arrested and informs a police officers he would like to be represented by counsel that it would then be a denial of his constitutional rights to bring him before a magistrate for preliminary hearing or before a court having felony jurisdiction, unless he be accompanied by an attorney. If he is in fact indigent, he must enter the court room in order to obtain counsel. If, as in the appellant's case, he is able at that time to employ private counsel, he, of course, is free to do so prior to entering court. Certainly, the State cannot be required to furnish counsel before the appellant appears before the court having jurisdiction to provide the same. We hold the constitutional provision providing for counsel is fully complied with, if the court having jurisdiction responds immediately upon application of an accused and the proof of his indigency.

Appellant also claims that the preliminary hearing in the City Court was for all intents and purposes an unlawful lineup.

The United States Supreme Court has held in the cases of *United States* v. *Wade* (1967), 388 U. S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149, and *Gilbert* v. *Calif.* (1967), 388 U. S. 263, 87 S. Ct. 1951, 18 L. Ed. 2d 1178, that evidence of identification obtained at a pre-trial lineup is not admissible, if the accused is not represented by counsel or if the lineup is unfair in that it tends to call attention to the acused in an undue manner. However, the cases written by the Supreme Court of the United States on this subject do not require a reversal of the case, if it is clearly demonstrated that notwithstanding irregularities in pre-trial lineup there is positive in-court identification of the accused, which identification in no way depends upon observations made of the accused during the improper lineup.

The court in *Gilbert,* discussing *Wade,* stated:

"* * * a post-indictment pretrial lineup at which the accused is exhibited to identifying witnesses is a critical state of the criminal prosecution; that police conduct of such a lineup without notice to and in the absence of his counsel denies the accused his Sixth Amendment right to counsel and calls in question the admissibility at trial of the in-court identifications of the accused by witnesses who attended the lineup. However, as in Wade, the record does not permit an informed judgment whether the in-court identifications at the two stages of the trial had an independent source. Gilbert is therefore entitled only to a vacation of his conviction pending the holding of such proceedings as the California Supreme Court may deem appropriate to afford the State the opportunity to establish that the in-court identifications had an independent source, or that their introduction in evidence was in any event harmless error." 18 L. Ed. 2d 1186.

In the *Wade* case the court stated:

"* * * We do not think this disposition can be justified without first giving the Government the opportunity to establish by clear and convincing evidence that the in-court identifications were based upon observations of the suspect other than the lineup identification. (Citing case.) Where, as here, the admissibility of evidence of the lineup identification itself is not involved, a per se rule of exclusion of

courtroom identification would be unjustified." (Citing cases.) 18 L. Ed. 2d 1164, 1165.

In the case at bar a hearing was had out of the presence of the jury which clearly established that Kennon was the only one of the three identifying witnesses who was in attendance at the preliminary hearing. Kennon was not coached or prompted by anyone. Appellant entered the court room with several others and was immediately recognized by Kennon. Kennon immediately left the court. He could not have been influenced by the court proceedings because he left before they began.

Kennon's in-court identification was based upon his observation of the appellant at the time of the robbery. It is further brought out that the other two identifying witnesses did not attend the pre-trial hearing, did not discuss the pretrial hearing with Kennon and had no other comparison by which to identify the appellant in court other than their personal observations of him during the robbery. We, therefore, hold that the requirements set forth in *Wade* and *Gilbert* were fully covered by the trial court. There was no error in allowing Kennon to testify concerning the identification of the appellant. Certainly the other identifying witnesses had no connection whatsoever with the pre-trial identification of the appellant thus the admissibility of their testimony is not questioned under the *Wade-Gilbert* rule.

The trial court is, therefore, affirmed.

Hunter, C.J., and Arterburn, J., concur; DeBruler, J., dissents with opinion in which Jackson, J., concurs.

### DISSENTING OPINION

DeBruler, J.—On the day following his arrest on a charge of armed robbery this appellant was taken before the Judge of the Lafayette City Court for a preliminary hearing. The Judge held a preliminary hearing although no verbatim

transcript of the proceedings in that court is in the record before us.

The evidence reveals that the appellant appeared at the preliminary hearing without counsel, after telling an investigating officer that he wanted the assistance of counsel before standing in a lineup or talking to anyone. This request was ignored by the officer.

The appellant contends that he had a right to the assistance of counsel at the preliminary hearing before the Lafayette City Court and that this right to counsel was violated in the proceedings before the city court. In my judgment, appellant is correct in both contentions. His right to counsel at a preliminary hearing in Indiana is afforded by statute, the Indiana Constitution (Art. 1, § 13), the common law of Indiana, and the 6th Amendment to the U. S. Constitution.

Our Indiana Constitution, adopted in 1851 has provided that each person charged with a crime has an absolute right to the assistance of counsel:

> "Rights of accused.—In all criminal prosecutions the accused shall have the right . . . to be heard by himself and counsel . . . ." Art. 1, § 13, of the Indiana Constitution.

This provision of our constitution has been construed by this court to mean that a defendant in a criminal case has the absolute right to the assistance of counsel at every stage of the proceedings against him. *Dearing* v. *State* (1951), 229 Ind. 131, 95 N. E. 2d 832; *Winn* v. *State* (1953), 232 Ind. 70, 111 N. E. 2d 653. This court has never restricted the right to counsel to particular stages of the proceedings, but has always considered the right to attach at *every* stage. In my opinion this includes the preliminary hearing stage. This interpretation of our constitution is supported by the tenor and firmness of the opinions of this court dating back as far as 1854, in enforcing the right to counsel. (See the annotations to Art. 1, § 13, in Burns 1955 replacement volume 1). It is further supported by the fact that, as conceded by the majority, at

least since 1905 in Indiana a defendant in a criminal case has enjoyed the right to assistance of counsel at a preliminary hearing by virtue of Acts 1905, ch. 169, § 67, as last amended by Acts 1947, ch. 265, § 1, Burns Ind. Stat. Ann. § 9-706 which applies when the arrested person is first taken before a magistrate, and reads in part as follows:

> "It shall be the duty of such justice and of any city judge to give the defendant an opportunity and time to employ counsel, if he so desire. . . . "

On June 22, 1970, the Supreme Court of the United States decided the case of *Coleman* v. *Alabama* (1970), 399 U. S. 1, 90 S. Ct. 1999, 26 L. Ed. 2d 387, wherein it held that an Alabama preliminary hearing was a "critical stage" of a criminal prosecution and that the 6th Amendment right to counsel extended to such hearing.

The court, applying the test of *U. S.* v. *Wade* (1967), 388 U. S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149, determined that the absence of counsel at a preliminary hearing would "derogate from the accused's right to a fair trial". Justice Brennan stated the reasons for this determination as follows:

> "Plainly the guiding hand of counsel at the preliminary hearing is essential to protect the indigent accused against an erroneous or improper prosecution. First, the lawyer's skilled examination and cross-examination of witnesses may expose fatal weaknesses in the State's case, that may lead the magistrate to refuse to bind the acused over. Second, in any event, the skilled interrogation of witnesses by an experienced lawyer can fashion a vital impeachment tool for use in cross-examination of the State's witnesses at the trial, or preserve testimony favorable to the accused of a witness who does not appear at the trial. Third, trained counsel can more effectively discover the case the State has against his client and make possible the preparation of a proper defense to meet that case at the trial. Fourth, counsel can also be influential at the preliminary hearing in making effective arguments for the accused on such matters as the necessity for an early psychiatric examination or bail."

The preliminary hearing in this state is essentially the same as the Alabama procedure, and therefore the preliminary hearing in Indiana is a "critical stage" of the proceeding under the reasoning of the *Coleman* Case, *supra,* and the 6th Amendment to the United States Constitution affords the right to counsel at our preliminary hearings.

In Indiana the duty of judges, justices and magistrates to hold preliminary hearings is imposed on them by various statutes. First, all trial courts having criminal jurisdiction must hold a preliminary hearing when an accused is brought there charged with a felony under a preliminary charge filed pursuant to Acts 1949, ch. 273, § 1, Burns Ind. Stat. Ann § 9-704 (a) which reads in part as follows:

"When any person is so held and detained under such preliminary charge . . . said person shall be entitled to a hearing thereon.

. . . the person so detained under said charge shall at said hearing be apprised of the facts concerning the felony with which he or she is charged, and said court shall apprise said person as to whom is accusing him, shall likewise advise said detained person that anything he may say may be used against him and shall also advise said person that he is entitled to legal counsel. Thereafter said person so charged shall after hearing the accusation against said detained person and any explanation offered by said detained person be permitted to give any explanation or offer any answer thereto. The court shall thereupon rule in discharge or commitment . . . ."

Second, a preliminary hearing must also be held in a justice, magistrate, municipal or city court when an arrested person is brought there following his arrest for an offense which said court has no jurisdiction to try:

"9-701. Any justice of the peace or city judge, hereinafter referred to as the magistrate on complaint made on oath before him, charging any person with the commission of any felony or misdemeanor, shall issue his warrant for the arrest of such person, and cause him to be brought forthwith, before him, for examination or trial." Acts 1905, ch. 169, § 62, as last amended by Acts 1935, ch. 114, § 1.

"9-704. When an officer arrests an accused . . . he shall take the accused before the magistrate issuing the warrant, if a warrant has been issued, or before the nearest magistrate if no warrant has been issued, and it shall be the duty of the magistrate to . . . hear the cause, and either acquit, convict or punish or hold to bail the offender, or if the offense be not bailable, commit him to jail as the facts and the law may justify. . . . "

Acts 1905, ch. 169, § 65, as last amended by Acts 1939, ch. 137, § 1.

"9-711. . When the offense charged is a felony, or a misdemeanor, in which the lowest fine provided by law is larger than the justice shall have jurisdiction to assess, and the justice, upon the hearing, is of the opinion that the accused should be held to answer such charge, he shall be recognized to appear at the next term of the criminal court of such county, or if there be no criminal court then to the circuit court of such county." Acts 1905, ch. 169, § 72.

Third, a preliminary hearing must be held whenever a city police officer arrests a person and brings him before a city court or other court having jurisdiction of the offense charged:

"48-6112 (10870). Arrest and trial of offenders.—Whenever any arrest has been made by any member of such police force, it shall be the duty of the officer making the arrest forthwith to bring the person arrested before the city court, or court having jurisdiction of the offense, to be dealt with according to law. If the arrest is made during the hours when such court is not in session, or if the judge is not holding court, such offender shall be detained in the city prison until there shall be an opportunity for such hearing at the earliest practicable time, or until he shall have given bond for his appearance. But no person shall be so detained longer than twenty-four (24) hours without such examination, except where Sunday intervenes, in which case no person shall be detained longer than forty-eight (48) hours." Acts 1905, ch. 129, § 166, p. 219.

Fourth, a police officer serving as a member of a consolidated city police force of a consolidated city created under the "Consolidated First Class Cities and Counties Act", Acts 1969, ch. 173, § 1216, being Burns Ind. Stat. Ann. § 48-9416, must take arrested persons to court for preliminary hearings:

"The members of such force shall have general police powers and be conservators of the peace within the police special service district; shall arrest without process all persons who commit any crime or misdemeanor contrary to the statutes of this state or the ordinances of any city or town within the police special service district, or the ordinances of the county; shall take them before the nearest justice of the peace, magistrate, or city court or judge of any city court of the first class city or of a municipality which is a part of such police special service district, or other officer having jurisdiction of the offense with which such person is charged, and detain them in custody until the cause of such arrest has been investigated. . . ."

Although these several statutes in describing the duty of a trial court when holding a preliminary hearing use varying terminology and although the order of such trial court after such hearing may vary slightly as in the cases of a commitment for 7 days under Burns 9-704(a), *supra,* the issues for decision by the court are the same, namely, whether there is sufficient evidence that a crime has been committed and that the accused standing before the court committed it. In this regard the issues presented in our State court preliminary hearings are the same as those presented in a preliminary hearing before a federal magistrate provided for by Rule 5 of the Federal Rules of Criminal Procedure.[1] See also the variation on this rule in Rule 6, of the proposed Uniform Rules of Criminal Procedure;[2] the ABA approved draft of Standards relating to Pretrial release.[3]

Since the right to counsel at a preliminary hearing in Indiana is granted by both the state and federal constitutions, it follows that if the defendant in a criminal case has no funds to employ counsel, he is entitled to the assistance of counsel at public expense. *Griffin* v. *Illinois* 351 U. S. 12, 76 S. Ct. 585, 55 ALR 2d 1055, 100 L. Ed. 891. It is the duty of Indiana courts to enforce this right. The right of indigent

1. See Appendix
2. See Appendix
3. See Appendix

defendants in criminal cases to counsel at public expense has been vigilantly enforced by Indiana Courts for over a century and has afforded a model for other jurisdictions desiring to adopt this enlightened approach to securing justice in the courts for persons regardless of their economic status. In 1854 this court had occasion to state the basis upon which the duty to provide counsel for indigents at public expense rests, in the case of *Webb, Auditor* v. *Baird* (1854) 6 Ind. 13:

> "It is not to be thought of, in a civilized community, for a moment, that any citizen put in jeopardy of life or liberty, should be debarred of counsel because he was too poor to employ such aid. No Court could be respected, or respect itself, to sit and hear such a trial. The defense of the poor, in such cases, is a duty resting somewhere, which will be at once conceded as essential to the accused, to the Court, and to the public."

The appellant here had the right to counsel at his preliminary hearing before the judge of the Lafayette City Court and it was the duty of the judge of that court to advise the appellant before the start of the hearing that he had a right to have counsel present and to advise him that he had a right to have counsel appointed to represent him at public expense if he was without funds, and to hold a hearing on the issue of the appellant's indigence if necessary. If a defendant is found to be without funds to employ counsel for the preliminary hearing and does not waive the right to counsel, he is entitled to be represented by counsel at public expense. It is not disputed in this record that a preliminary hearing was held and that the appellant was not represented by counsel at the hearing. The record does not show a waiver of counsel in the Lafayette City Court and none can therefore be presumed. *Johnson* v. *Zerbst* (1938), 304 U. S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461.

I would remand this case to the Tippecanoe Circuit Court and require the trial judge to hold a hearing and to determine whether or not any disadvantage resulting from the absence

of counsel at the preliminary hearing caused any unfairness to appellant at the trial.

Jackson, J., concurs.

APPENDIX

Federal Rules of Criminal Procedure, Rule 5

"(a) Appearance before the Commissioner.* An officer making an arrest under a warrant issued upon a complaint or any person making an arrest without a warrant shall take the arrested person without unnecessary delay before the nearest available commissioner or before any other near-by officer empowered to commit persons charged with offenses against the laws of the United States. When a person arrested without a warrant is brought before a commisioner or other officer, a complaint shall be filed forthwith.

(b) Statement by the Commissioner.* The commissioner shall inform the defendant of the complaint against him and of any affidavit filed therewith, of his right to retain counsel, of his right to request the assignment of counsel if he is unable to obtain counsel, and of his right to have a preliminary examination. He shall also inform the defendant that he is not required to make a statement and that any statement made by him may be used against him. The commissioner shall allow the defendant reasonable time and opportunity to consult counsel and shall admit the defendant to bail as provided in these rules.

(c) Preliminary examination. The defendant shall not be called upon to plead. If the defendant waives preliminary examination, the commissioner shall forthwith hold him to answer in the district court. If the defendant does not waive examination, the commissioner shall hear the evidence within a reasonable time. The defendant may cross-examine witnesses against him and may introduce evidence in his own behalf. *If from the evidence it appears to the commissioner that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the commissioner shall forthwith hold him to answer in the district court;* otherwise the commisioner shall discharge him. The commissioner shall admit the defendant to bail as provided in these rules. After concluding the proceeding the commissioner shall transmit forthwith to the clerk of the district court all papers in the proceeding and any bail taken by him. As amended Feb. 28, 1966, eff. July 1, 1966.[1]"
(Emphasis added)

Proposed Uniform Rules of Criminal Procedure, Rule 6

"Rule 6(c) The preliminary examination. If the defendant waives preliminary examination, the magistrate shall hold him to answer and shall either admit him to bail or commit him to custody. Notwithstanding a waiver of preliminary examination, the magistrate on the demand of the prosecuting attorney shall examine the witnesses for the State and have their testimony reduced to writing or taken in shorthand and transcribed.

If the defendant does not waive preliminary examination, the magistrate shall hear the evidence within a reasonable time. The defendant may cross-examine witnesses against him and may introduce evidence in his own behalf. The magistrate shall issue such process as may be necessary for the summoning of witnesses within the State for either the State or the defendant. If so requested by either the State or the defendant, the testimony of the witnesses and of the defendant, if he testified, and any statement made by the defendant shall either be reduced to writing by the magistrate or under his direction, or be taken in shorthand by a stenographer and transcribed; the magistrate shall give the defendant and any witness an opportunity to sign his deposition or statement and shall sign and certify the same. If it appears to the magistrate that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the magistrate shall hold the defendant to answer; otherwise the magistrate shall discharge the defendant to bail as provided in these rules; if the defendant is not admitted to bail, or if sufficient bail is not furnished, the magistrate shall commit him to custody."

American Bar Association, Standards Relating to Pretrail Release, Approved Draft, 1968.

"Part IV. Release by Judicial Officer at First Appearance or Arraignment.

4.1 Prompt first appearance.

Except where he is released on citation or in some other lawful manner, every arrested person should be taken before a judicial officer without unnecessary delay.

4.2 Appointment of counsel.

Where practicable, it should be determined prior to first appearance whether the defendant is financially unable to afford counsel and whether he desires representation. Counsel should be appointed no later than

the time of first appearance and, if necessary, may be appointed for the limited purpose of representing the defendant only at first appearance or arraignment and at subsequent proceedings before the lower court.

4.3 Nature of first appearance.

(a) The first appearance before a judicial officer should take place in such physical surroundings and with such unhurried and quiet dignity as are appropriate to the administration of justice. Each case should receive individual treatment, and decisions should be based on the particular facts of that case. The proceedings should be conducted in clear and easily understandable language calculated to advise the defendant effectively of his rights and of the actions to be taken against him. The appearance should be conducted in such a way that other interested persons presented may be informed of the proceedings.

(b) Upon the defendant's first appearance the judicial officer should inform him of the charge and provide him with a copy thereof. He also should take such steps as are reasonably necessary to ensure that the defendant is adequately advised of the following:

(i) that he is not required to say anything, and that anything he says may be used against him;

(ii) if he is as yet unrepresented, that he has a right to counsel and, if he is financially unable to to afford counsel, that counsel forthwith will be appointed;

(iii) that he has a right to communicate with his counsel, his family, or his friends, and that, if necessary, reasonable means will be provided to enable him to do so; and

(iv) where applicable, that he has a right to a preliminary examination.

(c) An appropriate record of the proceedings should be made. The defendant also should be advised of the nature and approximate schedule of all further proceedings to be taken in his case.

(d) No further steps in the proceedings should be taken until the defendant and his counsel have had an adequate opportunity to confer, unless the defendant has intelligently waived the right to be represented by counsel,

(e) In every case not finally disposed of at first appearance, and except in those cases in which the prosecuting attorney has stipulated that the defendant may be released on order to appear or on his own recognizance, the judicial officer should decide in accordance with the standards hereinafter set forth the question of the defendant's pretrial release.

(f) It should be the policy of prosecuting attorneys to encourage the release of defendants upon an order to appear or on their own recognizance. Special efforts should be made to enter into stipulations to that effect in order to avoid unnecessary pretrial release inquiries and to promote efficiency in the administration of justice."

NOTE.—Reported in 262 N. E. 2d 651.