**Mitchell Dean HAYRE,**
**Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

No. 89A01–8602–PC–40.

Court of Appeals of Indiana,
First District.

July 24, 1986.

Mitchell Dean Hayre, pro se.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Mitchell Dean Hayre appeals the denial of his petition for post-conviction relief. We affirm.

## FACTS

On May 24, 1982, Mitchell Dean Hayre (Hayre) was charged with burglary, a class B felony, appearing at the initial hearing without counsel. The trial court, upon inquiry, learned that Hayre could not afford his own attorney and so the trial court appointed the public defender to represent Hayre. The trial court then advised Hayre of the charge against him, the elements of the crime alleged, and the minimum and maximum penalties involved. The trial court also advised Hayre of his rights and entered a not guilty plea for him.

On August 11, 1982, Hayre was sentenced to ten years after the court accepted his guilty plea. Prior to accepting Hayre's guilty plea, the trial court made the usual inquiries and advisements. However, the trial court inadvertently failed to inquire whether Hayre's plea had been entered voluntarily, as required by Indiana law. Consequently, on August 12, 1982, the trial court brought Hayre back before it, explained its error, and offered to vacate the guilty plea and start anew. Hayre declined this offer, and assured the trial court that his plea had been entered voluntarily. The trial court then accepted Hayre's guilty plea.

On August 14, 1984, Hayre filed a petition for post-conviction relief which was denied on September 13, 1985. Thereafter, Hayre perfected this appeal.

## ISSUES

Hayre presents two issues for review:

1. Whether Hayre was denied his right to counsel at a critical stage of the proceedings, namely the initial hearing.

2. Whether Hayre's guilty plea was fatally defective due to the trial court's failure to inquire into the voluntariness of the plea.

## DISCUSSION AND DECISION

*Issue One*

Hayre argues that due to lack of assistance of counsel at the initial hearing the State was able to discover additional evidence, namely a ring Hayre was wearing at the hearing which was later confiscated and used as evidence by the State. Hayre asserts that counsel, knowledgeable of the case, would have advised Hayre not to wear the ring.

█ It is a function of the trial court to determine whether counsel shall be appointed at public expense. *Fulks v. State* (1970), 255 Ind. 81, 85, 262 N.E.2d 651, 653. It is unrealistic to say that when an accused is first arrested and informs a police officer of his desire to be represented by counsel that it would be a denial of constitutional rights to bring him before a magistrate for a preliminary hearing or before a court having felony jurisdiction, unless he is accompanied by an attorney. On the contrary, if he is indigent he must enter the court room in order to obtain counsel. *Fulks*, at 85, 262 N.E.2d at 653; *Anderson v. State* (1973), 155 Ind. App. 121, 124, 291 N.E.2d 579, 581.

█ In the present case, Hayre's right to counsel was not violated during the initial hearing. In fact, the first thing the trial court did was to inquire as to whether Hayre required counsel. Upon Hayre's affirmative response the trial court appointed counsel to represent Hayre. The remainder of the hearing consisted of the trial court advising Hayre of the charge, possible penalties, and Hayre's rights. The trial court, again noting Hayre's lack of counsel at the initial hearing, proceeded to enter a preliminary not guilty plea for Hayre, as required by statute.[1] It must be noted that

---

1. In fact, all of the trial court's actions were properly conducted in accordance with Indiana

Code section 35–33–7–5 (Burns 1985).

this initial hearing, unlike arraignment,[2] is not a critical stage of the process requiring the presence of counsel. Instead, the trial court automatically enters a not guilty plea. Thus, Hayre was not called upon to use his discretion or to make any type of decision that would require an attorney's advice. Hayre's argument essentially demands that he had the right to counsel prior to the initial hearing. Of course, if a person is able, at that time, to employ private counsel he or she is free to do so. However, the State cannot be required to furnish counsel prior to the time defendant appears before the court having jurisdiction to provide the same. *Fulks*, 255 Ind. at 85, 262 N.E.2d at 653; *Anderson*, 155 Ind.App. at 124, 291 N.E.2d at 581. The trial court fully complied with the constitutional mandate for providing counsel when it immediately responded to Hayre's application and proof of indigency. This initial hearing was not a critical stage of the proceeding requiring the assistance of counsel. Johnson, *Criminal Law and Procedure*, 16 Ind.L.Rev. 119, 138 (1983). Thus, Hayre was not prejudiced.

*Issue Two*

■ Hayre further argues that the trial court's failure to inquire into the voluntariness of his guilty plea rendered that plea defective. In *German v. State* (1981), Ind., 428 N.E.2d 234, our Supreme Court held that a defendant must be specifically advised of the rights he or she is waiving by pleading guilty so that a guilty plea is entered knowingly, intelligently and voluntarily. The purpose of this is to ensure that persons pleading guilty receive the proper advisements and to facilitate review in those cases where adequacy of such advisements is later challenged. *Martin v. State* (1985), Ind., 480 N.E.2d 543, 547.

■ In the present case, the guilty plea statute in effect at the time of Hayre's plea, Indiana Code section 35-4.1-1-4 (Burns 1979), states, in pertinent part:

"(a) The court shall not accept a plea of guilty without first personally addressing the defendant and determining that the plea is voluntary. The court shall address the defendant and determine whether any promises, force or threats were used to obtain the plea."

On August 11, 1982, when Hayre entered his guilty plea, the trial court inadvertently failed to inquire as to whether his plea had been made free of any promises, threats, or force. Realizing its error, the trial court, the following day, brought Hayre back into court, explained the error, and offered to vacate Hayre's guilty plea and readvise him. Hayre declined readvisement and accepted the court's inquiry regarding voluntariness which ended with the following colloquy:

"THE COURT: And I assume you waive the fact that the Court did not prior to the entry of the plea of guilty, deal with the matter of coercion and promise?

"MR. TURNER [defense counsel]: Yes, Your Honor, I believe Mitchell Hayre wants the same plea today.

"THE COURT: Is that correct, Mr. Hayre?

"THE DEFENDANT: Yes."

Record at 44. The trial court, therefore, remedied its error before finally and irrevocably accepting Hayre's plea. Moreover, Hayre accepted the trial court's solution and therefore waived any error regarding its initial failure to inquire into the voluntariness of his guilty plea.

---

**2.** Arraignment, under the prior statutory scheme, was construed as a crucial step in the course of criminal proceedings since it was at that juncture that the accused heard the formal charge and was called upon to enter his plea. *Rader v. State* (1979), 181 Ind.App. 546, 550, 393 N.E.2d 199, 202. However, under the new scheme, there is no technical arraignment hearing. Johnson, *Criminal Law and Procedure*, 16 Ind.L.Rev. 119, 132 (1983). Instead, a defendant is advised of the charge against him at the initial hearing and an automatic not guilty plea is entered on his behalf. This preliminary not guilty plea becomes a formal plea of not guilty twenty days after completion of the initial hearing if the crime charged is a felony or ten days if it is a misdemeanor. Of course, within this period a defendant may consult counsel and enter a different plea if he so desires.

We therefore affirm the judgment of the trial court.

ROBERTSON, P.J., and NEAL, J., concur.