Krauss *v.* State of Indiana.

[No. 28,614. Filed September 27, 1951.]

*Floyd G. Christian, Ralph H. Waltz* and *C. Lewis Green,* all of Noblesville, for appellant.

*J. Emmett McManamon,* Attorney General, and *Frank E. Coughlin,* Deputy Attorney General, for appellee.

JASPER, J.—Appellant was charged by indictment with murder in the first degree, under § 10-3401, Burns' 1942 Replacement. He entered a plea of not guilty, was tried by jury, found guilty of murder in the second degree, and sentenced to life imprisonment.

Appellant contends that error was committed by allowing appellee to amend the indictment returned by the Tipton County Grand Jury, and forcing him, over his objection to the amendment, to trial. Appellee was permitted to amend the indictment by inserting the words "in Madison County, State of Indiana," following the words "the said Lora Ida Smith languishing until the 21st day of May, 1943, then and there died."

The offense for which appellant was tried was before this court in *Krauss* v. *State* (1947), 225 Ind. 195, 73 N. E. 2d 676, and the identical question now presented was decided by this court adverse to appellant in that case. Judge Young, speaking for the court, said (pp. 197, 198 of 225 Ind., p. 677 of 73 N. E. 2d) :

"It is not necessary to set forth the entire indictment. It is sufficient to say that it was alleged that appellant, on May 20, 1943, in Tipton County, Indiana, unlawfully, feloniously and with premeditated malice killed and murdered one Lora Ida Smith by shooting her, thereby inflicting a mortal wound, 'of which said mortal wound the said Lora Ida Smith, languishing until the 21st day of May, 1943, then and there died *in Madison County, State of Indiana.*' The amendment complained of consisted of inserting the words italicized above. The amendment occurred after the case had been venued to Hamilton County. Appellant objected to the amendment and moved to strike it out but his objection and motion were overruled by the court. An Indiana statute provides that the court may at any time before, during or after the trial amend the indictment or affidavit in respect to any defect, imperfection or omission in form, provided no change is made in the name or identity of defendant, or defendants, or of the crime sought to be charged. § 9-1133, Burns' 1942 Replacement. As stated in *Edwards* v. *State* (1942), 220 Ind. 490, 492, 44 N. E. (2d) 304, 'This statute and similar modern statutes of other states evidence an intent to eliminate the effect of technical and formal defects which do not prejudice a defendant or affect his substantial rights, on the theory that in the development of the administration of justice, narrow technical formalism should be eliminated to the end that substantial justice may be attained.'

"In *Peats* v. *State* (1938), 213 Ind. 560, 567, 12 N. E. (2d) 270, this court indicated that where the matter as to which an indictment is amended is not of the essence of the offense, such amendment does not alter the indictment in any material respect and falls within the statute permitting amendments of indictments. It is provided by statute that where a mortal wound is administered in one county and death therefrom ensues in another the jurisdiction is in either county. § 9-211, Burns' 1942 Replacement. The indictment in this case, both before and after amendment, alleges that appellant shot his victim in Tipton County.

That gave Tipton County jurisdiction to prosecute him for murder whether his victim died in that county or another. It would follow, therefore, that the fact that his victim died in Madison County, instead of Tipton County, was not of the essence of the offense and therefore the amendment alleging death in Madison County did not alter the indictment in any material respect. The change did not go to the substance of the charge but only to its form. It did not change the name or identity of the defendant or of the crime sought to be charged. The defendant was not and could not have been harmed and we hold that the court did not err in permitting the amendment."

This being the law of the case, appellant's contention is therefore without merit.

Appellant further contends that it was error to overrule his motion to quash the amended indictment. The motion to quash alleged that the amended indictment did not state the offense with sufficient certainty. Appellant argues that the amended indictment charged in substance and effect that Lora Ida Smith was shot and died in Tipton County, and also that she died in Madison County. This contention is based upon the following pertinent part of the indictment:

"The Grand Jurors of Tipton County, in the State of Indiana, good and lawful men, duly and legally impaneled, charged and sworn to inquire into felonies and certain misdemeanors in and for the body of said County of Tipton in the name and by authority of the State of Indiana, on their oath present that one Russell L. Krauss, late of said County, on the 20th day of May A.D. 1943, at said County and State aforesaid, did then and there unlawfully, feloniously, and with premeditated malice, did kill and murder one Lora Ida Smith, by then and there unlawfully, feloniously, purposely, and with premeditated malice shooting at and against the said Lora Ida Smith, with a certain deadly

weapon, called a revolver, then and there loaded with gunpowder and bullets, and thereby inflicted a mortal wound upon the said Lora Ida Smith, of which mortal wound the said Lora Ida Smith languishing until the 21st day of May, 1943, then and there died, in Madison County, State of Indiana."

The clause "then and there died, in Madison County, State of Indiana," must be construed with the preceding clause "of which mortal wound the said Lora Ida Smith languishing until the 21st day of May, 1943." The word "then" refers to the preceding date of "the 21st day of May, 1943." The word "there" refers to "Madison County, State of Indiana." The indictment as amended is not grammatically correct. However, upon reading the entire indictment, appellant knew that he was charged with the shooting of Lora Ida Smith in Tipton County, and that she died in Madison County. The amended indictment stated the offense with sufficient certainty, and the motion to quash was properly overruled. *Kennedy* v. *State* (1936), 209 Ind. 287, 293, 196 N. E. 316.

Appellant further contends that the court committed error in admitting in evidence the confession of appellant, and testimony arising out of it, over his objections.

Appellant further contends that the confession was obtained by coercion, through relentless police interrogation, while he was under the exclusive control of the police; that he was not given a hearing before a magistrate during the interrogation; and was without friendly or professional aid or advice; all in violation of the Fourteenth Amendment to the Constitution of the United States. Appellant relies on *Watts* v. *State* (1949), 338 U. S. 49, 69 S. Ct. 1347, 93 L. Ed. 1801.

A careful review of the briefs and the record shows that appellant, prior to the introduction of the confes-

sion by appellee, did not request the court for a preliminary hearing, and introduced no evidence to support his contentions of the confession's inadmissibility, but did request, and was granted, the right to ask preliminary questions of appellee's witnesses. The law is well settled that the defendant has the burden of showing the incompetency of a confession. *Arthur* v. *State* (1949), 227 Ind. 493, 86 N. E. 2d 698; *Schuble* v. *State* (1948), 226 Ind. 299, 79 N. E. 2d 647; *Kokenes* v. *State* (1938), 213 Ind. 476, 13 N. E. 2d 524; *Hicks* v. *State* (1938), 213 Ind. 277, 11 N. E. 2d 171, 12 N. E. 2d 501. A voluntary confession obtained during a period of unlawful detention, without arraignment or preliminary hearing before a magistrate, is not inadmissible as a matter of law under the due process clause, but the unlawful detention is a fact to be considered in determining whether due process was violated. *Willennar* v. *State* (1950), 228 Ind. 248, 91 N. E. 2d 178; *Marshall* v. *State* (1949), 227 Ind. 1, 83 N. E. 2d 763. In the case of *United States* v. *Ragen* (1949), 176 F. 2d 579, 583, 584, the court said in a similar situation:

> "The failure to present the petitioner before a magistrate without undue delay contrary to the statute of Illinois is a fact to be considered on the question of due process, Ashcraft v. State of Tennessee, supra.[1] But such failure alone is not in and of itself a denial of due process so as to render inadmissible in evidence a confession voluntarily given as in the instant case."

The only evidence in point under this contention of appellant is as follows: On May 20, 1943, at approximately 10:00 a.m., Lora Ida Smith was taken to the hospital with a bullet wound in her chest, and while there made this statement: "I am

---

[1] 322 U. S. 143, 64 S. Ct. 921, 88 L. Ed. 1192.

shot and I am dying," and in response to the question as to who shot her, she said "Russ." The gun from which the fatal shot was fired was found in the back of appellant's car, and admittedly belonged to appellant. At approximately 10:30 a.m., a police officer and a Robert Groover went to the bus station in Elwood and found appellant and took him to the police station there. The state police were notified at 10:33 a.m., and arrived between 11:00 and 11:30 a.m. Appellant, along with other occupants of his car, was questioned. He denied having had anything to do with the shooting, and further stated that he had two years' legal education, and did not need to make a statement until he consulted a lawyer. Appellant consented to go with police officers to Indianapolis for certain tests, including a lie detector test. On the way, the officers and appellant stopped at Noblesville and had lunch and then proceeded to Indianapolis. The tests were made, and the officers and appellant returned to Elwood, stopping at Pendleton for their evening meal, and arriving at Elwood between 6:30 and 7:00 p.m. Between 8:00 and 9:00 p.m., appellant consented to go to see Lora Ida Smith, who was confined in Mercy Hospital. Appellant was seated in the hall at the entrance to the room of Lora Ida Smith at approximately 12:00 o'clock midnight. Certain questions were asked Lora Ida Smith by a nurse and the answers given in the presence of appellant. When asked who shot her, she said "Russ shot me." When asked why he shot her, she answered: "Because I wouldn't come across." The police officers and appellant then returned to the police station in Elwood, where appellant, for the first time, stated he might have shot Lora Ida Smith. Upon their return from the hospital, appellant's wife and another woman were present in the

police station, and appellant talked with his wife. The police officers presented a wine bottle to appellant, which was obtained near the scene of the shooting, and appellant again said that he guessed he must have shot her. Appellant then went with the police officers to the scene of the shooting and reenacted it. He was then taken to the Tipton County Jail, where a statement was taken by the prosecuting attorney. The extra-judicial confession was written, corrected, and signed by appellant at approximately daylight on May 21, 1943. There was further testimony that appellant told his story five or six times. There is no evidence that appellant was subjected to relentless police interrogation or that he was abused or mishandled by the police officers. He was not confined in a cell; he was given his meals and allowed to see his wife.

From a review of all of the facts and circumstances attending this confession, we are satisfied that appellant was not submitted to intimidation, coercion, promises, or oppressive or violent treatment of any kind, and was not submitted to any form of treatment condemned in the cases of *Watts* v. *State* (1949), 338 U. S. 49, 69 S. Ct. 1347, 93 L. Ed. 1801; *Harris* v. *State* (1949), 338 U. S. 68, 69 S. Ct. 1354, 93 L. Ed. 1815; and *Turner* v. *State* (1949), 338 U. S. 62, 69 S. Ct. 1352, 93 L. Ed. 1810. The confession and testimony were properly admitted.[2]

After considering all of the contentions of appellant, we find no error.

Judgment affirmed.

NOTE.—Reported in 100 N. E. 2d 824.

---

[2] See *United States* v. *Burke* (1950), 93 F. Supp. 490.