PEARLIE ROBINSON *v.* STATE OF INDIANA

[No. 3-676A140. Filed January 23, 1978.]

*Sally Nalbor*, of Gary, for appellant.

*Theodore L. Sendak*, Attorney General, *Walter F. Lockhart*, Deputy Attorney General, for appellee.

GARRARD, J.—Appellant Robinson was charged with second degree murder and convicted of voluntary manslaughter. Her appeal asserts three errors.

No error is presented in the court's refusal to grant a directed verdict at the close of the state's case since Robinson elected to

proceed with the presentation of evidence. *Parker v. State* (1976), 265 Ind. 595, 358 N.E.2d 110.

It is asserted that the court erred in permitting the state to declare Ronnie Hanes a hostile witness and ask him leading questions. A review of the record discloses that the prosecuting attorney represented to the court that he was receiving different answers from the witness than those contained in a prior statement. Subsequent questioning of this witness bore this out. Robinson has established no clear abuse of discretion in the court's control of the examination of the witness and therefore has presented no reversible error. *Rogers v. State* (1974), 262 Ind. 315, 315 N.E.2d 707.

Robinson's remaining contention is that the court erred in determining her statement to the police voluntary and permitting it to be introduced in evidence. In the statement Robinson stated that she made a date with the decedent for twenty dollars. They went to a hotel and attempted to check in but when the decedent attempted to pay for the room the clerk was unable to change a ten dollar bill. The decedent returned to his car where he had more money. Robinson accompanied him and asked what he was going to do. According to her statement he then called her a "bitch" and struck her, knocking her glasses off. She then took a pistol from her purse and shot him. She stated that she only intended to scare him.

On appeal she asserts her statement should have been suppressed as not being voluntary. In support she points to her testimony at the suppression hearing. She testified that she was a narcotics addict. After the shooting which occurred about 10:00 p.m. on June 21, Robinson and her friend Sandra Irving fled to Irving's apartment. While there both injected heroin. Robinson was arrested at the apartment during the early morning hours of June 22. She gave the statement that evening, apparently around 10:00 p.m. She testified that she was given *Miranda* warnings before she gave the statement but asserted they had not been given at the time of her arrest or when she was questioned earlier on the 22nd. She stated that she was suffering from heroin withdrawal when she gave the statement; that she told this to the police officers; and that she gave

the statement because they told her if she signed they would see about getting her some methadone. She testified that at this time she had cramps and was sweating, nervous and crying.

The state's evidence was contradictory. The officers asserted that Robinson was given *Miranda* warnings both at the time of her arrest and when questioned earlier. Both officers who were present during the questioning testified. They stated that Robinson appeared normal. Detective Peters testified that Robinson did not complain prior to giving the statement but that afterwards she complained of feeling sick and said it was her period. Detective Brown recalled that at some point Robinson said she was sick and they offered to get her a doctor if she needed one. He denied that she complained of withdrawal.

We are thus left with contradictory accounts of Robinson's condition and motivations at the time of the statement.

Of course, the state had the burden of establishing that the confession was voluntary. *Magley v. State* (1975), 263 Ind. 618, 335 N.E.2d 811, and the signed waiver of Robinson's rights is not conclusive. *Emler v. State* (1972), 259 Ind. 241, 286 N.E.2d 408. However, our appellate review of the trial court's ruling is limited to ascertaining from the evidence supporting the trial court's decision, where the evidence is in conflict, and any evidence presented by the defendant which stands uncontradicted, whether there was clear error in admitting the confession. *Feller v. State* (1976), 264 Ind. 541, 348 N.E.2d 8; *Magley, supra.* Thus, this case is quite different from that presented in *Nacoff v. State* (1971), 256 Ind. 97, 267 N.E.2d 165 where it was undisputed that the accused, who was known by police to have been committed to a mental institution several times, was held for four and one half days in a 6' by 3' cell without warm water or shower facilities. Here the testimony of Robinson was directly contradicted by that of two witnesses for the state. Crediting their testimony the court could properly find the statement to have been voluntary beyond a reasonable doubt. We therefore conclude Robinson has failed to demonstrate error.

Affirmed.

Hoffman, J. concurs; Staton, P.J. dissents and files separate opinion.

### DISSENTING

STATON, P.J. — I dissent for the reason that the State failed to carry its burden of proving beyond a reasonable doubt that Robinson's confession was voluntary. *Magley v. State* (1975), 263 Ind. 618, 335 N.E.2d 811. When this Court considers whether the State has met its burden, uncontested evidence presented by the appellant as well as contested evidence supporting the trial court's determination of voluntariness may be considered. *Magley v. State, supra,* at 335 N.E.2d 818. Looking to all the circumstances and reviewing the evidence to be considered on appeal, I cannot conclude that Robinson's confession was voluntary.

Robinson, a drug addict, refused to make any statement to the police when she was arrested. She contends that the statement made to the police approximately twenty-two hours after she was placed in jail was involuntary, since she was undergoing withdrawal and was promised methadone by the detectives. After she was placed in jail, she testified that she consulted the jail matron about her sickness. Both interrogating detectives, Brown and Peters, knew that Robinson was an addict and that she had been in jail approximately twenty-two hours before their interrogation of her. They further admitted that she told them that she was sick. Whether the sickness was due to her menstrual period or from her withdrawal from heroin is an evidentiary conflict; however, the State failed to call the jail matron as a witness to remove any doubt. The evidence was uncontested that Robinson was an addict and that she had been on methadone for two years. There remained a reasonable doubt as to whether Robinson's will had been bent over the edge of a rapidly deteriorating mental and physical condition which had previously resisted all invitations to make a statement. *Miranda v. State of Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694; *Lindsey v. State* (1976), 264 Ind. 198, 341 N.E.2d 505; *Burton v. State* (1973), 260 Ind. 94, 292 N.E.2d 790; *Brown v. State* (1971), 256 Ind. 558, 270 N.E.2d 751; *Nacoff v. State* (1971), 256

Ind. 97, 267 N.E.2d 165. *Also see, Works v. State* (1977), 266 Ind. 250, 362 N.E.2d 144; *Ortiz v. State* (1976), 265 Ind. 549, 356 N.E.2d 1188; *Ashby v. State* (1976), 265 Ind. 316, 354 N.E.2d 192; *Garrett v. State* (1976), 265 Ind. 63, 351 N.E.2d 30; and for the Federal preponderance standard see *Lego v. Twomey* (1972), 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618.

The State has failed to carry the burden of proving beyond a reasonable doubt that Robinson's statement was voluntary; therefore, I dissent, and I would reverse and remand for a new trial.

NOTE—Reported at 371 N.E.2d 718.