JEFFREY LEE JACKSON v. STATE OF INDIANA.

[No. 877S570. Filed August 30, 1978.]

*John G. Bunner*, of Evansville, for appellant.

*Theodore L. Sendak*, Attorney General, *Susan J. Davis*, Deputy Attorney General, for appellee.

DEBRULER, J.—Appellant was convicted in the Vanderburgh Circuit Court of first degree murder, Ind. Code § 35-13-4-1 (Burns 1975) repealed October 1, 1977. On appeal he challenges the admissibility of a confession given the night of his arrest.

On August 8, 1976, Jack Kinsler, an Evansville cab driver, was found shot and fatally wounded in his cab. On November 11, 1976, appellant, then fifteen years old, was arrested for the killing after he was named as the killer by another suspect. Appellant was arrested in the early morning and

taken to police headquarters with both parents. The investigating officers advised appellant and his parents of appellant's *"Miranda* rights" from a printed form, and offered to leave appellant and parents alone to discuss the situation. They declined the offer and signed a form reciting that appellant waived his rights to remain silent and to the assistance of counsel. Appellant was questioned for approximately thirty minutes; the conversation was recorded. In this statement appellant admitted shooting Kinsler. This confession was transcribed. Appellant and his parents were again advised of his rights from a printed form and signed a waiver form; appellant then signed a waiver form; appellant then signed the typewritten transcript.

Appellant argues that his waiver of his rights to counsel and to remain silent was not knowingly made and that his confession was involuntary because he believed that he would be retained in the juvenile court system and referred to Boys' School. He avers that he was led to this misimpression by the language of the rights warning forms. One form was regularly employed by the Evansville Police Department's juvenile branch and contained the following paragraph:

"2. Anything you say can and will be used against you in a Juvenile Court proceeding, or if charged as an adult, in adult court."

The other was a standard *Miranda* rights warning form which read:

"2. Anything you say can and will be used against you in a court of law."

To this the detective added in handwriting:

"Juvenile Court proceeding, or if charged as an adult, in adult court."

Appellant and his parents were informed that appellant was arrested for first degree murder. They were not advised that this offense is not within the jurisdiction of the juvenile court and that appellant would be tried as an adult. *See*

Ind. Code § 31-5-7-4.1(a)(1)-13 (Burns 1976 Supp.). Appellant testified that he believed that he would be tried as a juvenile and sent to Boys' School.

After considering the evidence set forth above the trial court overruled appellant's motion to suppress the confession and permitted its introduction into evidence.

> "A statement by an accused is not admissible against him if it is not voluntarily given. *Malloy* v. *Hogan*, (1964) 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653; Ind. Code [1, 2] § 35-5-5-1 (Burns 1975). A statement made under circumstances requiring the giving of *Miranda* warnings is not admissible unless such warnings are given and a knowing and intelligent waiver of the rights involved is made. *Miranda* v. *Arizona*, (1966) 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694; *Pirtle* v. *State*, (1975) [263] Ind. [16], 323 N.E.2d 634.

> "In determining whether a statement was voluntarily given, we look to all the circumstances surrounding its giving to determine whether it was 'induced by any violence, threats, promises, or other improper influence.' *Montes* v. *State*, (1975) [263] Ind. [390], 332 N.E.2d 786, 792. The same test determines whether a waiver of the *Miranda* rights has occurred. *Nacoff* v. *State*, (1971) 256 Ind. 97, 267 N.E.2d 165. The burden is on the State to prove beyond a reasonable doubt the voluntariness of the statement or waiver. *Burton* v. *State*, (1973) 260 Ind. 94, 292 N.E.2d 790. In reviewing the trial court's ruling on the voluntariness of a statement or waiver, we do not weigh the evidence, but determine whether there is sufficient evidence to support the trial court's finding. *Raines* v. *State*, (1971) 256 Ind. 404, 269 N.E.2d 378." *Ortiz* v. *State*, (1976) 265 Ind. 549, 356 N.E.2d 1188, 1191.

In *Ortiz, supra,* one appellant argued that his confession should have been suppressed because it was made under the mistaken impression that the acts admitted did not subject the appellant to criminal liability, while in fact they rendered him an accessory.

We held that while it is necessary to the voluntariness of a confession that in making it the accused be aware of "the

probable consequences of his act," not every misapprehension concerning the extent and nature of the criminal liability to which a confession may expose the accused vitiates the voluntariness of the confession. It is necessary that a suspect undergoing custodial interrogation be warned that his statements may be used against him in court. *Miranda* v. *Arizona, supra.*

Here appellant was informed that his confession could be used against him both in juvenile proceedings and adult criminal proceedings. No evidence suggests that anything was said implying that appellant would be charged in any specific court. Appellant was specifically informed that he had been arrested for first degree murder. He was advised of his right to consult an attorney before interrogation. The purpose of the right to the assistance of counsel is to allow the suspect to be advised of the precise ramifications and advisability of admitting anything. Appellant chose to rely instead on his own knowledge of the criminal justice system in deciding whether to waive his rights and make a statement. That his impressions were inaccurate does not render that decision involuntary or unknowing. Appellant's misapprehension of the extent of criminal liability to which his confession might subject him did not affect the voluntariness of his confession.

This was the only challenge raised on appeal to the admissibility of the confession or to the conviction in general. The conviction is affirmed.

Givan, C.J., Hunter, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 379 N.E.2d 975.