Myron Edward WARFEL, Appellant,

v.

STATE of Indiana, Appellee.

No. 582S183.

Supreme Court of Indiana.

Oct. 21, 1983.

Geoffrey A. Rivers, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant was charged by information in the Delaware Superior Court 1 with the offense of burglary, a class B felony, in violation of Ind.Code § 35–43–2–1. He was found guilty by a jury and sentenced to a term of twelve years' imprisonment.

On appeal he raises two issues: (1) whether it was error to admit his confession into evidence, and (2) whether it was error to overrule his objection during the State's final argument.

The facts, briefly summarized, indicated that on January 12, 1981, appellant in the company of youthful friends, Jackie J. and Phillip R., went in Jackie's car to the victim's home, situated in a woods and accessible by a lane. Pursuant to a joint plan to break into the house and steal, appellant and Phillip pried their way through the back door of the house with a screw driver, while Jackie waited outside in the car. They collected money and numerous items of personal property and successfully made their getaway.

Pursuant to leads provided by witnesses who saw and could describe the car, the police went to Jackie's residence on January 15, 1981 at 8:30 a.m., and awakened its sleeping occupants including appellant. Appellant was told that he was a suspect in a burglary and taken to the police station, where at 9:30 a.m., he was advised of his right to counsel and his privilege against self-incrimination. He signed a waiver form stating that he waived those rights and wanted to make a statement. The interrogator was then interrupted. At 10:30 he was again advised of the same rights and signed a second waiver form. At 12:30 p.m., he signed a written statement describing his participation in the break-in and theft.

Appellant's conduct and demeanor at the time he was advised of his rights and signed the written waivers and made his confession was described by police officer witnesses as normal. They stated that he did not appear intoxicated or under the influence of drugs. To them he was coherent and appeared to understand what was being said to him. His answers and responses were sensible. Appellant, on the other hand, testified that he had been at a party until 5:00 a.m., and was still intoxicated from ingesting alcohol and drugs. According to him the officers told him "that it would be best for me to sign a statement because they would go easier on me in court," and that his drunken state rendered him unable to resist their suggestion. Contrary to this testimony, one officer testified that no reasons were suggested to appellant for making his statement.

## I.

A confession cannot be admitted in evidence over proper objection unless the trial judge be first persuaded by proof beyond a reasonable doubt that the confession was given freely and voluntarily and not through inducement, violence, threats, or other improper influences so as to overcome the free will of the accused. *Nacoff v. State,* (1971) 256 Ind. 97, 267 N.E.2d 165; *Burton v. State,* (1973) 260 Ind. 94, 292

N.E.2d 790. In considering whether the State has met this burden, "We will consider the evidence which supports the decision of the trier of fact in the case of contested evidence, and any uncontested evidence presented by the appellant." *Magley v. State,* (1975) 263 Ind. 618, 335 N.E.2d 811. Appellant's claim is based upon his intoxication and fatigue at the time of the interrogation, and his consequent lack of will to resist the suggestion of the interrogator that he would benefit by confessing. *Cf. Ashby v. State,* (1976) 265 Ind. 316, 354 N.E.2d 192.

In this case the evidence relative to appellant's intoxication and fatigue at the interrogation, as well as the existence of an implied promise of the police officer of benefit, is in conflict. On the basis of the testimony on the issue of admissibility, the court could reasonably have concluded beyond a reasonable doubt that appellant was not so intoxicated as to obstruct his natural will to resist and that the implied promise of benefit from making a statement was not given, or even if given was so slight in its persuasive force as not to have brought about a confession not freely self-determined. *Rogers v. Richmond,* (1961) 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760. No error has been demonstrated in resolving the issue raised by appellant's motion to suppress the confession or his objection to it at trial. On like basis the trial court properly ruled that appellant knowingly and intelligently made his waiver of the right to counsel and privilege against self-incrimination before making the challenged confession.

## II.

In final summation the trial prosecutor told the jury without objection that it had nothing to do with assessing a penalty as that would be done by the judge within a wide range of possibilities. When defense counsel then summed up, he referred to appellant's charge as being a "class B felony, one of the big ones", and ended up flatly stating that appellant could get twenty years. The trial prosecutor in the rebuttal portion of his summation then stated that if found guilty, appellant might not do a day in jail because the court could suspend all or any part of the sentence. An immediate objection was made by defense counsel and overruled. Final Jury Instruction 18, settled prior to final summation without objection from either party provided:

"These instructions do not contain any information concerning the penalties that could be imposed upon a conviction. The judge is solely responsible for assessing the penalty within a broad range of possibilities. The law has been so written that you may make your decisions without being influenced by the apparent severity or leniency of the sentence."

It cannot be doubted that the trial prosecutor's rebuttal statement when considered in an abstract and isolated fashion was improper.

It is axiomatic in this area that the judge and not the jury performs the entire sentencing function in non-capital cases, and consequently the jury should be confined to determining guilt or innocence of the accused. The jury should not be encouraged to gauge guilt or innocence by what it believes to be an appropriate penalty. It is impermissible for the court or counsel to inform the jury of the range of possible penalties. However if jury speculation on penal consequences of a guilty verdict is somehow triggered during trial, the judge should give an instruction fully outlining those possible consequences, and further commanding the jury to disregard them. *Feggins v. State,* (1977) 265 Ind. 674, 359 N.E.2d 517.

In *Grassmyer v. State,* (1981) Ind., 429 N.E.2d 248, this Court in referring to statements made during final summation held:

"A statement which is otherwise objectionable may be justified by the fact that it was invited or provoked by defense counsel."

There defense counsel paraphrased a tape recorded statement of his client's confession so as to place a favorable light on the defense position. The prosecutor, over ob-

jection, was permitted to play the tape in response during his rebuttal portion of final summation. This Court sanctioned the playing of the tape by the prosecutor under those circumstances. The present situation is analogous. Defense counsel chose to inform the jury of the specific maximum term of twenty years to which his client would become exposed upon a verdict of guilty. This left the jury with that part of the sentencing story which tended to favor his position, and without that equally valid part of the story which tended to favor the State's position. Where defense counsel has first violated the rule in the heat of advocacy, as was done here, it is not error to permit the opposing counsel to complete the story.

The conviction is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.