Lawrence GREGORY–BEY, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 49S00–9501–CR–37.

Supreme Court of Indiana.

July 19, 1996.

counts, which were made concurrent. As a result, Gregory–Bey received sixty years for both felony murder and murder, fifty years for conspiracy to commit robbery, fifty years for robbery, one hundred twenty years for criminal confinement, and one year for carrying an unlicensed handgun, for a total of 281 years.

Having received permission for a belated direct appeal, Gregory–Bey raises two issues: whether certain combinations of the convictions and sentences violate the principles of double jeopardy, and whether the judge's decision to maximize each conviction and order all but one served consecutively, amounting to an executed sentence of 281 years, was manifestly unreasonable.

## I. The Event Itself

On November 17, 1985, two men entered an Indianapolis McDonald's shortly after 7 a.m. One of the men was later identified as Lawrence Gregory–Bey.[7] After drinking several cups of coffee and waiting until two other customers left the building, the two men brandished handguns, ordered the five McDonald's crew members to the back of the store, and forced them to their knees. One of the robbers cleaned out the cash registers, and the other shoved the assistant store manager, Dewayne Bible, to the store's safe and forced him at gunpoint to open it. Between the money in the cash registers and the previous night's receipts in the safe, the robbers took a total of $1,069.95. Over Bible's objection, the robbers forced the six employees into the freezer, even denying Bible's request to turn the freezer off. The robbers then took the store keys from Bible and ordered one of the crew employees out of the freezer. Heroically, Bible asked the robbers to take him instead, so they substi-

Nancy L. Broyles, Indianapolis, for Appellant.

Pamela Carter, Attorney General, Christopher L. LaFuse, Deputy Attorney General, Indianapolis, for Appellee.

SHEPARD, Chief Justice.

Appellant Lawrence Gregory–Bey was tried before a jury on charges arising out of the robbery of an Indianapolis McDonald's restaurant and the murder of its assistant store manager. The jury found him guilty of murder,[1] felony murder,[2] conspiracy to commit robbery,[3] and robbery,[4] all class A felonies; six counts of criminal confinement, each a class B felony;[5] and carrying a handgun without a license, a class A misdemeanor.[6]

On December 17, 1986, Judge Roy F. Jones entered judgment on all counts. He enhanced each sentence to its maximum and ordered all sentences served consecutively, except for the murder and felony murder

1. Ind.Code Ann. § 35–42–1–1 (West 1986).

2. *Id.*

3. Ind.Code Ann. § 35–41–5–2 (West 1986).

4. Ind.Code Ann. § 35–41–5–1 (West 1986).

5. Ind.Code Ann. § 35–42–3–3 (West 1986).

6. Ind.Code Ann. § 35–47–2–1 (West 1986).

7. The other man involved in this incident has never been positively identified. Although both Charles E. Bunton and Harmon Gray were charged, these charges were dropped for lack of evidence. *See* Welton W. Harris II, *Bible Slaying Investigation Is Reopened*, Indianapolis News, Dec. 4, 1986, at 60; *Only Suspect in McDonald's Killing Is Set Free*, Indianapolis Star, Nov. 28, 1985, at 23.

tuted Bible for the employee and locked the five crew members inside the freezer.

Approximately five minutes later the crew heard two or three gunshots. After the employees no longer could hear the robbers, they began to kick at the freezer door, and eventually freed themselves. Upon exiting they found the body of Dewayne Bible lying in a pool of blood on the stockroom floor with two closely spaced gunshot wounds to the rear base of his head.

## II. Double Jeopardy Claims

 Gregory–Bey argues that certain combinations of his convictions for murder, felony murder, robbery, and conspiracy to commit robbery violate the Double Jeopardy Clauses of the Indiana Constitution[8] and United States Constitutions.[9] Each alleged violation will be examined individually. Double jeopardy analysis requires us to discern whether a petitioner has been convicted or punished more than once for the "same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076–77, 23 L.Ed.2d 656 (1969), *overruled on other grounds, Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). In analyzing whether two offenses are the same, we employ the test announced in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932): "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."

 **A. Murder and Felony Murder.** Gregory–Bey first asserts, and the State concedes, that he cannot be convicted of both murder and felony murder when both arise from a single homicide. The parties are correct. *See, e.g., Hicks v. State*, 544 N.E.2d 500 (Ind.1989); *Bean v. State*, 267 Ind. 528, 371 N.E.2d 713 (1978). Since Gregory–Bey's convictions for felony murder and knowing or intentional murder were both based on the killing of Dewayne Bible, we vacate his conviction for felony murder, and leave stand his conviction for knowing or intentional murder.

**B. Robbery and Felony Murder.** Gregory–Bey next asserts that his convictions for robbery and felony murder violate double jeopardy because his robbery and felony murder charges merged when both were predicated on the same robbery. *Skipper v. State*, 525 N.E.2d 334 (Ind.1988). Because we have already vacated Gregory–Bey's felony murder conviction on other double jeopardy grounds, this claim is mooted.

**C. Robbery and Conspiracy.** Finally, Gregory–Bey asserts, and the State concedes, that he cannot be convicted of robbery and conspiracy to commit robbery when the overt act upon which the conspiracy charge rests is the robbery itself.

 Conviction of both a substantive offense and conspiracy to commit that offense is not, per se, a double jeopardy violation, as this Court has repeatedly stated. *See, e.g., Buie v. State*, 633 N.E.2d 250 (Ind.1994); *Witte v. State*, 550 N.E.2d 68 (Ind.1990); *Taylor v. State*, 235 Ind. 126, 131 N.E.2d 297 (1956). Indiana's robbery statute requires the knowing or intentional taking of property from another person or from his presence. Ind.Code Ann. § 35–42–4–6 (West 1986). The offense of conspiracy, on the other hand, requires agreement with another person to commit the underlying felony, as well as an overt act in furtherance of that felony. Ind. Code Ann. § 35–41–5–2. Each crime requires proof of an element the other does not; these crimes are thus not the "same offense" under *Blockburger* analysis. However, we have previously held that this is not the end of our double jeopardy analysis—we must also "look to the manner in which the offenses were charged." *Derado v. State*, 622 N.E.2d 181, 184 (Ind.1993). When the charging instrument and jury instructions

---

**8.** "No person shall be put in jeopardy twice for the same offense." IND. CONST. art. 1, § 14. Although appellant cites this state constitutional provision, he makes no cogent argument based on a separate analysis of it. Therefore, we will only analyze this under federal double jeopardy standards. *St. John v. State*, 523 N.E.2d 1353 (Ind.1988).

**9.** "No person shall be ... subject for the same offence to be twice put in jeopardy of life or limb...." U.S. CONST. amend. V.

rely on the same facts to prove both the underlying felony and the overt act committed in furtherance of the conspiracy to commit that felony, double jeopardy has been violated. *Id.* at 184; *see also Parker v. State,* 567 N.E.2d 105 (Ind.Ct.App.1991), *transfer denied.*

In the case at bar, the State alleged the robbery as the requisite overt act in furtherance of the conspiracy.[10] The trial court also instructed the jury that in order to find Gregory–Bey guilty of conspiracy, the State needed to show that he had committed the underlying robbery. Accordingly, Gregory–Bey's conviction for conspiracy to commit robbery must be vacated.

**D. Murder and Class A Robbery.** In the course of considering the foregoing issues, it has become apparent that Gregory–Bey's conviction for murder and his conviction for robbery as a class A felony may also raise a double jeopardy question. Because neither party has briefed this aspect of the double jeopardy claim, we will direct the trial court on remand to consider any arguments the parties may wish to offer on this issue.

### III. The Sentence

Gregory–Bey's executed sentence of 281 years resulted from the trial judge's decision to impose the maximum allowable penalty for each conviction and order all but one the sentences served consecutively. Gregory–Bey argues this sentence is manifestly unreasonable.

■ The sentencing decision generally rests within the discretion of the trial court. *Sims v. State,* 585 N.E.2d 271 (Ind.1992). Article VII, Section 4 of the Indiana Constitution gives this Court the power to review and revise criminal sentences. We presently restrain the exercise of this power to cases where the sentence is "manifestly unreasonable in light of the nature of the offense and character of the offender." Ind.Appellate Rule 17(B)(1). A sentence is manifestly un-

reasonable, however, only when no reasonable person could find it appropriate to the offense and the offender. App.R.17(B).

The trial judge listed in his sentencing statement the following as aggravating circumstances: (1) Gregory–Bey's "need for rehab[ilitative] treatment that [could] only be provided by a penal facility;" (2) that imposition of a "[r]educed sentence would depreciate the seriousness of th[e] crime;" and (3) Gregory–Bey's "extensive criminal history." (R. at 207.) The first two aggravators seem not to apply well to the facts of this case.

■■ First, the judge's reference to rehabilitative treatment paraphrases one of the seven factors specifically enumerated in the Indiana Code as supporting enhanced or consecutive sentences. *See* Ind.Code Ann. § 35–38–1–7(b)(3) (West 1986) (recodified at Ind.Code Ann. § 35–38–1–7.1(b)(3) (West Supp.1995)). It is apparent, however, that the facts articulated by the judge in support of this aggravating circumstance had little to do with rehabilitation. In apparent support of this aggravator, the judge wrote, "This type of person should be taken out of society for the rest of their life. It's the court's intention that the [defendant] die in prison." (R. at 207.) Repeatedly during the sentencing hearing itself the judge told Gregory–Bey of his intention that Gregory–Bey die in prison.[11] It would appear from the sentencing statement and the judge's remarks at the hearing that "rehabilitation" or "correction" were really not what the judge had in mind. Rather, the judge seemed more interested in sending a personal message to Gregory–Bey and a political message to whomever might hear it:

[B]y the sentence that I've imposed today, Mr. Gregory, I hope it is going to be given some attention by my colleagues, not only here in Indiana but maybe even across this nation, that the Courts are tired of people that come into court having killed people

---

10. The conspiracy count in the information alleged that Gregory–Bey "performed the following overt act in furtherance of the agreement: Demanded and took United States currency from Dewayne Bible while threatening [him] with a handgun." (R. at 30 (capitalization modified).)

11. The trial judge stated, "By imposing the two-hundred-eighty-one (281) year sentence on you ... its my intention that you die in prison.... By me giving you this kind of sentence today [it] will be recorded for some parole board forty (40) or fifty (50) years from now that it's my intention that you die in prison." (R. at 1668.)

that are involved in the fast food industry .... people trying to be productive members of society, and just because they're vulnerable robbers try to take advantage of them. Until we start putting people away for the maximum time, filling our prisons with this kind of individuals [sic], it's never going to get stopped. Maybe if some other judges will do what I do by putting people away as long as they can maybe we'll get their attention some day. (R. at 1669.) We have held several times that a trial judge's desire to send a personal philosophical or political message is not a proper reason to aggravate a sentence. *See, e.g.,Scheckel v. State,* 655 N.E.2d 506 (Ind. 1995); *Beno v. State,* 581 N.E.2d 922 (Ind. 1991).

■ Second, the Indiana Code also allows a trial court to consider as an aggravator the possibility that a reduced sentence might depreciate the seriousness of a crime. Ind.Code Ann. § 35–38–1–7(4) (West 1986) (recodified at Ind.Code Ann. § 35–38–1–7.1(b)(4) (West Supp.1995)). This factor cannot be used, however, as the basis for a sentence enhancement; it "may be used only when considering the imposition of a sentence of shorter duration than the presumptive sentence." *Ector v. State,* 639 N.E.2d 1014, 1016 (Ind.1994). While it is true that a trial court can consider as a non-statutory aggravating circumstance the idea that "a sentence less than [an] *enhanced* term ... would depreciate the seriousness of the crime," *Evans v. State,* 497 N.E.2d 919, 923–24 (Ind.1986), such consideration must be articulated. It cannot simply be assumed from a combination of the facts and the inappropriate recitation of the statutory aggravator. *See Ector,* 639 N.E.2d at 1016. As it stands, the judge's statement that "a reduced sentence would depreciate the seriousness of the crime" was inappropriately used to justify the enhancements and consecutive terms.

■ Unlike the first two aggravators mentioned above, the trial judge correctly relied on Gregory–Bey's criminal history as an aggravating circumstance warranting an enhanced sentence. *See* Ind.Code Ann. § 35–38–1–7(b)(2) (recodified at Ind.Code Ann. § 35–38–1–7.1(b)(2)) (West Supp.1995). Even though we find inappropriate the application of the other aggravating circumstances to the facts of this particular case, a single aggravator may be sufficient to sustain an enhanced sentence. *Reaves v. State,* 586 N.E.2d 847 (Ind.1992).

■ Gregory–Bey does have an extensive criminal record, including prior convictions for robbery and conspiracy to distribute heroin and cocaine. Moreover, this particular crime was committed while Gregory–Bey was on parole from other drug-related convictions. Unquestionably, Gregory–Bey's criminal history and the particular facts of this case warrant enhancement of his sentences. The callousness of the perpetrators, as exemplified by their refusal to turn off the freezer after placing the crew employees inside, and their murder of Dewayne Bible well after successful completion of the robbery, show a contempt for human life warranting harsh consideration.[12] With certain convictions vacated and one remanded for further consideration, sentences of 181 years remain. We conclude that these are not manifestly unreasonable.

### IV. Conclusion

Accordingly, we remand this cause to the trial court with the instruction that it vacate Gregory–Bey's convictions for felony murder and conspiracy to commit robbery, and consider any further arguments the parties may raise pursuant to section II.D. of this opinion. The judgment is otherwise affirmed.

DeBRULER, DICKSON, SULLIVAN and SELBY, JJ., concur.

---

**12.** The appellant appears to agree with this sentiment, as his presentence report notes that he "felt that the true culprit should be prosecuted to the fullest for this 'vicious, brutal' offense, concluding 'a human life is not worth the $1,000' taken in the [robbery].'" (R. at 204.)