Gary FORDYCE, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 480S113.

Supreme Court of Indiana.

Sept. 1, 1981.

Rick L. Jancha, Law Offices of David B. Weisman, South Bend, for appellant.

Theodore L. Sendak, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of armed robbery, Ind.Code § 35–42–5–1 (Burns 1979) after a bench trial and was sentenced to thirty (30) years imprisonment. This direct appeal presents the following issues:

(1) Whether the trial court erred in failing to find the defendant not guilty by reason of insanity.

(2) Whether the trial court erred in failing to find the defendant not guilty by reason of involuntary intoxication.

(3) Whether the trial court erred in not finding that the defendant's voluntary intoxication negated the specific intent element of robbery.

(4) Whether the State failed to establish the venue of the crime.

(5) thru (8) Whether the State failed to comply with the trial court's discovery order.

(9) Whether the trial court committed error in not disqualifying the two court appointed psychiatrists as witnesses.

(10) Whether the trial court erred in denying the defendant's motion to disclose the contents of a "Pink Sheet"[1] prepared by

---

1. This term is not familiar to this Court, and no explanation of the nature or purpose of the document has been offered, other than as hereinafter related.

the probation officer in conjunction with the presentence investigation report.

(11) Whether the trial court erred in not considering the contents of the aforementioned "Pink Sheet" in determining the sentence.

(12) Whether the trial court erred in failing to require the probation department to include the written statements of the victim in the presentence report.

(13) Whether the trial court erred in not striking certain allegations of prior criminal activity from the presentence report.

\*  \*  \*  \*  \*  \*

On December 30, 1978, the defendant snatched a purse and seriously cut the victim's hand in response to her resistance.

### ISSUES I, II & III

The defendant asserts three errors which pertain to the sufficiency of the evidence to support the trial court's determinations.

"Upon a review for sufficient evidence, this Court will look only to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If the existence of each element of the crime charged may be found therefrom, beyond a reasonable doubt, the verdict will not be disturbed, (citation omitted). In such a review, we will not weigh conflicting evidence nor will we judge the credibility of the witnesses, (citation omitted)." *Loyd v. State*, (1980) Ind., 398 N.E.2d 1260, 1264.

The defendant contends that he should have been acquitted by reason of insanity, Ind.Code § 35–41–3–6(a) (Burns 1979), and intoxication, Ind.Code § 35–41–3–5 (Burns 1979). He urges that the only credible evidence supports a finding in his favor.

▆ In the presentation of his argument, the defendant assumes that the testimony of the victim, that she smelled alcohol on his breath, and that the testimony of other witnesses that he had smoked marijuana and drunk beer within an hour before the robbery, commands the conclusion that he was, in fact, intoxicated. Such an assumption is ill founded. An accomplice, the victim, and the arresting officers testified. Their testimony reveals that the defendant's speech before, during, and after the robbery was normal, that he had no trouble walking, that he engaged in rational and lucid conversation at the stationhouse, and that he did not appear, to any of the witnesses, to be intoxicated.

After the crime, the defendant discarded the purse, but kept the valuables therefrom. The accomplice testified that, at the stationhouse, the defendant had stated that he had cut a lady and had mentioned a white envelope with coupons, which had been in the victim's purse at the time of the robbery.

The defendant presented expert testimony, including that of two court appointed psychiatrists, that he suffered from a condition called "acute intoxication" and "toxic psychosis" and that he was not entirely in control of his behavior and lacked substantial capacity to conform his conduct to the requirements of the law. *See generally* Ind.Code § 35–41–3–6(a) (Burns 1979).

"The weight to be accorded expert testimony as well as lay testimony, is the exclusive province of the trier of fact which is at liberty to discount it or to reject it in the face of lay testimony, which it finds more persuasive." (Citations omitted). *Murphy v. State*, (1976) 265 Ind. 116, 128, 352 N.E.2d 479, 486.

▆ The testimony of the accomplice, the victim and the police officer was substantial and probative and amply supports the trial court's determination that the defendant was neither insane nor intoxicated. *Jackson v. State*, (1980) Ind., 402 N.E.2d 947, 949. The inference of sobriety, reasonably drawn from such testimony forecloses any claim that intoxication negated the element of specific intent.

### ISSUE IV

The defendant has expressly waived this issue.

## ISSUES V, VI, VII & VIII

█ The defendant contends that the trial court should have imposed sanctions against the State for violation of its discovery order. Officer Andert, the officer who first arrived at the scene, and Reverend Neely, the Chaplain of the South Bend Police Department, testified that they had made notes of the incident. The notes contained the victim's description of the perpetrators. Andert had used the notes to prepare his typewritten reports. The officer testified that he did not know what he did with the notes after he made his report.

Reverend Neely's notes pertained to the difference in description between the defendant and his twin brother; however, the record is not clear on this point. The twin brother was present at the robbery and was arrested. Reverend Neely had not looked for these notes until he learned that he would be called as a witness, at which time he could not find them.

Prosecutorial control is a prerequisite of the defendant's right to discover pretrial statements of a witness. *Spears v. State*, (1980) Ind., 403 N.E.2d 828, 831. The evidence shows and the defendant does not dispute that the prosecutor had never had control of these notes.

## ISSUE IX

█ The defendant contends that the trial court erred in failing to grant his motions to disqualify the two court appointed psychiatrists as witnesses. The psychiatrists had received a copy of the Information, a statement of an officer advising that he took a statement from the victim, the victim's statement, a statement of an officer that he had shown photographs to the victim, the victim's statement concerning the photographs, a supplemental affidavit of an officer concerning his taking the victim to view some suspects and the victim's supplemental affidavit in support of probable cause.

The defendant asserts that these documents contained inaccurate and misleading information; however, the psychiatrists were subject to cross-examination about the basis of their opinions, which would reflect upon the weight to be accorded them. *Johnson v. State*, (1978) 269 Ind. 370, 373, 380 N.E.2d 1236, 1238.

The psychiatrists testified that the defendant's ability to conform his conduct to the standard required by law was diminished to some degree from his use of drugs and alcohol. This testimony was wholly consistent with and supportive of the defendant's theory of the case. In these circumstances the defendant has not met his burden of showing how he was harmed by the asserted error. *Hester v. State*, (1974) 262 Ind. 284, 291, 315 N.E.2d 351, 355.

## ISSUES X, XI, XII & XIII

The defendant asserts four errors concerning the presentence investigation report.

In conjunction with the report, the probation department officer prepared a "Pink Sheet," which is a summary of the report that includes the victim's statement if any, and the probation department's recommendation. The defendant moved for disclosure of the pink sheet. At the sentencing hearing, the probation officer stated that the pink sheet contained only information which was in the presentence investigation report. The trial court, thereupon, denied the motion and ordered the pink sheet sealed, stating that it was not part of the presentence investigation report. The trial court did not examine the contents of the pink sheet.

█ The defendant contends that his motion to disclose should have been granted pursuant to his rights under Ind.Code § 35-4.1-4-9 (35-50-1A-9 (Burns 1979)); Ind.Code § 35-4.1-4-13 (35-50-1A-13 (Burns 1979)); the Fifth, Sixth and Fourteenth Amendments to the United States Constitution; and Article I, Section 13 of the Indiana Constitution.

The defendant received a copy of the presentence investigation report and did not contest the accuracy of the information contained therein. *Gardner v. State*, (1979) Ind., 388 N.E.2d 513, 517-18. Both he and

the trial court were in possession of the same information, and he was not entitled to more. *See Stanley v. State*, (1980) Ind., 401 N.E.2d 689, 694. In his argument the defendant incorrectly assumes that this pink sheet was part of the presentence investigation report. The record, however, shows that it was not, and the trial court had the discretion to order it sealed. *Cf.* Ind.Code § 35–4.1–4–10(a)(1) (35–50–1A–10(a)(1) (Burns 1979)) (presentence report must include any matters the trial court directs to be included).

 The defendant further contends that he was denied access to the statements of the victim. At the sentencing hearing, the probation officer stated that he was unable to contact the victim and that the pink sheet and the presentence investigation report did not contain any statements from the victim. These oral statements in open court were sufficient certification by the probation officer of his attempt to contact the victim under Ind.Code § 35–4.1–4–10(b)(1) (35–50–1A–10(b)(1) (Burns 1979)). We find no error requiring resentencing.

■ The defendant further contends that he was not furnished with statements given by the victim to the prosecutor under Ind. Code § 35–4.1–4–10(a)(2) (35–50–1A–10(a)(2) (Burns 1979)). If the defendant had read this statute carefully he would realize that it refers to and is limited in application to Ind.Code § 35–5–6–1 et seq. (Burns 1979) which deals with plea bargaining.

■ Our review of the record shows that the trial court complied with the requirements for the contents of and the disclosure of presentence investigation reports. Ind. Code § 35–4.1–4–10 (35–50–1A–10 (Burns 1979)); Ind.Code § 35–4.1–4–13 (35–50–1A–13 (Burns 1979)).

■ Lastly the defendant contends that the trial court should have stricken certain "bare allegations" of criminal activity in the presentence report which indicated only a date and a title of a crime. Our review of the report discloses but one such unexplained charge, an arson dated October 26, 1977. At the sentencing hearing the defendant did not bring this matter to the attention of the trial court. Even if the arson charge had been dismissed or had resulted in an acquittal, it would properly be included in the report. *Misenheimer v. State*, (1978) 268 Ind. 274, 290, 374 N.E.2d 523, 532.

The trial court imposed the basic sentence of thirty (30) years. In light of the defendant's lengthy record, which dates back to 1973, we do not think that one unexplained arson charge influenced the trial court's choice of sentence. We find no error in the trial court's failure to strike the matter complained of.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.