Jose SOLANO, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 3–581A118.

Court of Appeals of Indiana,
Third District.

Oct. 13, 1981.

---

I. Alexander Woloshansky, Toomey & Woloshansky, Merrillville, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

HOFFMAN, Presiding Judge.

Jose Solano was convicted on two counts of possession of a controlled substance.[1] The dispositive issue is whether the evidence is sufficient to establish Solano's constructive possession of the drugs.

The evidence most favorable to the State discloses that Solano and his wife, Christine, leased an apartment in Griffith, Indiana. On December 15, 1979 Pete Canale, the assistant manager of the apartment complex, mistakenly believed that the Solanos had failed to pay the December rent and used his passkey to enter the apartment. Canale testified that he found a mirror, two or three plants, and some plastic bags in the apartment. No clothes or furniture were found. Canale specifically testified that he looked in the living room closet, but could not remember seeing any items in the closet. Assuming the apartment had been vacated, Canale leased it to another tenant.

On December 26, 1979 John Rossi, the maintenance foreman, was directed to prepare the apartment for the new tenant. Rossi and two painters entered the apartment and also found the mirror and some plants. Additionally, Rossi found a black plastic bag in the living room closet which smelled of a burned substance. Rossi

opened the bag and found a burned plate with a burned residue on it, along with some other items. The police were summoned because on prior occasions Rossi had received reports that something was burning in the apartment building, but upon investigating, Rossi could find nothing.

During this time Solano entered Canale's office and complained that there were people in his apartment who had no right to be there. Canale asked Solano to remove his belongings from the apartment. Solano at first agreed, but then remembered that he had other business to attend to first.

Chemical analysis of the contents of the bag revealed marijuana. Cocaine and tetrahydrocannabinol were also found.

■ The evidence fails to show Solano's actual possession of the drugs. If the conviction is to be sustained, there must be sufficient evidence to show that Solano constructively possessed the drugs. Constructive possession requires the showing of both an intent and capability to maintain control and dominion over the contraband. *Thomas v. State* (1973), 260 Ind. 1, 291 N.E.2d 557. A possessory interest in the premises where the contraband is found is generally held sufficient to establish the capability to maintain control. *Martin v. State* (1978), Ind.App., 372 N.E.2d 1194; *Corrao et al. v. State* (1972), 154 Ind.App. 525, 290 N.E.2d 484. Evidence that the accused had exclusive control over the premises permits a reasonable inference that he had knowledge of, or intended possession of the contraband. *Martin v. State, supra.* Where, however, the defendant did not maintain exclusive control over the premises, knowledge or intent cannot be inferred from that control. Knowledge or intent must be supported by additional circumstances. *Watt v. State* (1980), Ind.App., 412 N.E.2d 90; *Martin v. State, supra.*

■ In the present case, Solano's possession of the premises was not exclusive.

---

**1.** IC 1971, 35-48-4-7 (Burns 1979 Repl.) provides:

"Possession of a controlled substance.—A person who, without a valid prescription or order of a practitioner acting in the course of

his professional practice, knowingly or intentionally possesses a controlled substance classified in schedule I, II, III, IV, or V, except marijuana or hashish, commits possession of a controlled substance, a class D felony."

Aside from his wife's possessory interest, the evidence is undisputed that Canale entered the apartment, took control, and leased it to someone else. The evidence also shows that workmen had entered the apartment to renovate it. In view of the fact that Solano did not have exclusive control of the apartment, there must be evidence of other circumstances to establish Solano's knowing or intentional possession of the drugs. Such evidence is lacking.

Canale testified that although he looked in the living room closet on December 15, he could not remember seeing the plastic bag. The drugs were discovered on December 26. There was no evidence that Solano had ever entered the apartment during these eleven days. Canale testified that he had not seen Solano in the vicinity during this time. Additionally, Solano was not in the apartment when the drugs were discovered. As this Court noted in *Pier v. State* (1980), Ind. App., 400 N.E.2d 209, at 210, "[a] common thread running through those Indiana decisions which have upheld a finding of constructive possession is in each case, the accused was present at the time and place where the contraband was discovered by law enforcement officers." There is no evidence in the record from which it can be established beyond a reasonable doubt that Solano knowingly or intentionally possessed the drugs.

For the foregoing reasons the decision of the trial court is reversed.

Reversed.

GARRARD and STATON, JJ., concur.