**Allen Hale POSTON, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1280S453.**

Supreme Court of Indiana.

Dec. 30, 1981.

Walter E. Bravard, Jr., Indianapolis, for appellant.

Allen Hale Poston, pro se.

Linley E. Pearson, Atty. Gen., Dan S. LaRue, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Robbery. In a bifurcated proceeding, the jury found him to be an habitual criminal. The court sentenced appellant to two (2) thirty year terms of imprisonment to be served consecutively.

The victim was attacked after attempting to cash his paycheck at a neighborhood tavern. His two assailants took about seven dollars ($7.00) and the paycheck. The victim required hospitalization for a concussion and numerous superficial stab wounds he sustained during the robbery. The victim identified appellant from a photographic display and a lineup conducted by police. An in-court identification was made during the trial.

Appellant claims the evidence is insufficient to sustain the guilty verdict. This Court does not weigh the evidence nor judge the credibility of witnesses. Looking to the evidence most favorable to the State, we will not disturb the jury's verdict if

there is substantial evidence of probative value to support each element of the offense. *Williams v. State*, (1980) Ind., 406 N.E.2d 241. The record discloses the victim identified appellant twice previous to his in-court identification. The uncorroborated testimony of the victim is sufficient to support a conviction. *Pavone v. State*, (1980) Ind., 402 N.E.2d 976. Moreover, the results of appellant's polygraph examination were admitted as stipulated by agreement before the test. The testimony of the polygraph expert was that appellant lied when questioned about the offense. Appellant invites this Court to consider conflicting alibi testimony which we decline to do. This is within the purview of the jury.

Appellant claims the bifurcated proceeding provided by I.C. 35–50–2–8, the Habitual Offender statute, denied him his lawful presumption of innocence and his right to a fair and impartial trial. This issue was not raised in appellant's Motion to Correct Errors. Consequently, it is not available for appellate review. *Hooks v. State*, (1980) Ind., 409 N.E.2d 618.

The trial court is in all things affirmed.

HUNTER, PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result.