John WILBURN, Appellant,

v.

STATE of Indiana, Appellee.

No. 781S193.

Supreme Court of Indiana.

Dec. 27, 1982.

J. Patrick Biggs, New Albany, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was charged with Dealing in Marijuana, and Possession of Marijuana. Later an additional count was added, alleging appellant to be an Habitual Criminal.

Appellant was tried before a jury and found guity on Counts I and II. Additionally he was found to be an habitual offender. He was sentenced to a four (4) year term of imprisonment upon conviction on Counts I and II, those terms to be served consecutively. The trial judge handled the imposition of the enhanced sentence on appellant in the following language:

> "[P]ursuant to [the habitual offender statute], I do at this time impose a mandatory sentence, that is a thirty year executed sentence consecutive to the sentence imposed [upon the underlying felony] and I sentence you ... for that period of time consecutive to those counts."

Before we state the facts and resolve the issues raised in this appeal, it is necessary to point out the above recital reflects a misunderstanding on the part of the trial judge as to the effect of a finding a defendant is an habitual offender under I.C. § 35–50–2–8 [Burns 1979 Repl.] and the way such a finding affects sentencing.

The habitual offender statute provides that in the event of such a finding as

to a defendant, "The Court shall sentence [the defendant] to an additional fixed term of thirty (30) years to be added to the term of imprisonment imposed [for the underlying felony]." I.C. § 35–50–2–8(e). We have held the statute thus provides for an enhancement of the sentence for the underlying felony of which the defendant must be convicted in order to invoke operation of the statute. *Funk v. State,* (1981) Ind., 427 N.E.2d 1081; *Hall v. State,* (1980) Ind., 405 N.E.2d 530; *Wise v. State,* (1980) Ind., 400 N.E.2d 114. We have endeavored to make it clear the statute does not constitute a separate crime for which a sentence is imposed consecutive to the sentence growing out of the underlying felony conviction. *See, Yager v. State,* (1982) Ind., 437 N.E.2d 454; *Hall, supra.* Thus, for example, if a defendant is found to have committed a Class B felony and a ten (10) year sentence is imposed thereon, and he is also found to be an habitual offender, his ten (10) year sentence is enhanced by thirty (30) years and becomes a forty (40) year sentence. He is not sentenced to consecutive terms of ten (10) and thirty (30) years, however, because doing so would imply the habitual offender finding is a separate criminal act for which a second consecutive sentence is imposed. *See, Yager, supra.*

■ Appellant is not to have "a thirty year executed sentence [imposed] consecutive to the sentence imposed [on the underlying felony] . . . ." Rather, the underlying felony sentence is increased by thirty (30) years. We believe correction of this error is necessary in order to belie any notion we are permitting trial judges in this State to treat the habitual offender finding as a separate crime. This would violate the double jeopardy clause of the Constitution.

Therefore, it is necessary to remand the case for a correction of the sentencing of appellant. For reasons we shall set out later in this opinion, we also find the conviction on Count I for Dealing in Marijuana must be reversed.

The facts are these. On or about September 15, 1980, appellant rented a U-Haul trailer near his Floyd County home. He and two others, his nephew David Wilburn and one Wesley Brock, drove to either northern Illinois or Indiana where they harvested about three hundred (300) pounds of marijuana growing in a cornfield. They drove back to Floyd County to the trailer where they all were living and split the harvest among themselves. At trial all witnesses testified appellant took his marijuana somewhere and that no one knew where that was. However, in a pre-trial statement Wesley Brock stated appellant took charge of the whole harvest and took it all to Ramsey, Indiana, to hang it out to dry.

Later the dried marijuana was packed in small bags, though it was not at all clear where the packing took place. The evidence most favorable to the State indicates appellant was present during this operation and provided at least some assistance to David Wilburn and Wesley Brock during the packing process. David Wilburn and Wesley Brock continued to keep their share of this marijuana. At some point it was then taken back to the trailer. This all took place prior to October 1, 1980.

On October 2, 1980, police armed with a search warrant raided the trailer after receiving a tip from an informant that marijuana was stored there. At the time of the raid Danny Wilburn, another nephew of the appellant, Wesley Brock and the latter's wife were present. Marijuana packed in bags, stashed in a bedroom closet and under the kitchen sink was found in the search. All witnesses testified none of this marijuana was part of appellant's share of the September 15 harvest, again reiterating they did not know what happened to appellant's share after the harvest was brought back to Floyd County. The time and circumstances of appellant's arrest are not revealed by the record. However, the only two officers who testified as to the matter said no marijuana was ever taken off appellant's person at any time.

■ Appellant claims the evidence is insufficient to support the verdict and therefore the trial court erred in denying his motion for a directed verdict made at the close of the State's case in chief. How-

ever, a review of the record shows clearly appellant chose to present evidence on his own behalf. A defendant who moves for a directed verdict at the close of the State's case but then presents evidence in his own behalf waives any allegation of error on appeal as to the denial of the motion. *Havens v. State,* (1981) Ind., 429 N.E.2d 618; *Ingram v. State,* (1981) Ind., 426 N.E.2d 18; *Korn v. State,* (1978) 269 Ind. 181, 379 N.E.2d 444. The allegation of error as to denial of the motion is waived.

Nevertheless, in this case we will review the evidence as if a proper challenge to the sufficiency of the evidence had been raised, as the case presents a close question in this regard. Appellant's argument as to why the evidence is insufficient is easily understood. *See, Ingram, supra; Korn, supra.*

Appellant's argument is premised on the contention the State prosecuted him on the theory of constructive possession of the marijuana. He contends an essential element of a showing of constructive possession is that the accused was present at the time and place where the contraband was discovered by law enforcement officers, citing *Solano v. State,* (1981) Ind.App., 426 N.E.2d 705, and *Pier v. State,* (1980) Ind. App., 400 N.E.2d 209. He argues since he was not present when the contraband was discovered, this essential element of constructive possession is not present and his convictions cannot stand.

However, we do not need to consider appellant's argument as to whether the evidence in the case at bar is sufficient to show constructive possession of the marijuana. We find the evidence is sufficient to show actual possession of the marijuana on appellant's part.

■ Actual possession is shown where there is a showing the accused has an intent and capability of maintaining dominion and control over the contraband item. *Henry v. State,* (1978) 269 Ind. 1, 379 N.E.2d 132. There is, however, no requirement that the accused's actual possession of the contraband must be shown to have existed at precisely the same time as the law enforcement agency's discovery of the contraband.

Put another way, conviction for possessory offenses does not depend on the accused being "caught red-handed" in the act by the police. For example, in *Pryor v. State,* (1973) 260 Ind. 408, 296 N.E.2d 125, two witnesses had testified they smoked marijuana with the defendant on September 27, 1971. The defendant was not arrested until after an October 5, 1971, sale of narcotics to an undercover officer. We held the evidence the defendant had smoked and therefore possessed the marijuana on September 27, 1971, was sufficient to support the conviction for possession, even though neither the marijuana then smoked nor its residue was ever seen by the police.

■ The test for sufficiency of the evidence is well-known. We look to the evidence most favorable to the State, and the reasonable inferences that may be drawn therefrom. If there is sufficient evidence of probative value from which the jury could reasonably find the presence of each of the essential elements of the crime beyond a reasonable doubt, the conviction is affirmed. *Poston v. State,* (1981) Ind., 429 N.E.2d 643; *Burr v. State,* (1980) Ind., 403 N.E.2d 343; *Aron v. State,* (1979) Ind., 393 N.E.2d 157.

■ In the case at bar the evidence most favorable to the State shows appellant exercised an intent and capability of maintaining dominion and control over the marijuana on September 15, 1980, when he harvested it and helped transport it to Floyd County. The evidence most favorable to the State clearly shows further exercise of intent and capability of maintaining dominion and control over the marijuana on the part of appellant when he took it to Ramsey to dry it out and when he assisted, however briefly, in packaging it. Thus the evidence is sufficient to support the conviction for Possession of Marijuana.

The sufficiency of the evidence to support the conviction for Dealing in Marijuana is another matter however. Dealing in Marijuana is defined in I.C. § 35–48–4–10 [Burns 1979 Repl.]. In relevant part that statute reads:

"(a) A person who:

\* \* \* \* \* \*

"(2) Possesses, with intent to . . . deliver, marijuana . . . commits dealing in marijuana . . . ." *Id.*

■ Thus the conviction upon Count I for Dealing in Marijuana requires proof not only of possession of marijuana by the accused but also that the accused possessed the marijuana with the intent to deliver it. *Id.* We cannot see how the evidence in the case at bar nor any reasonable inference that can be drawn from it, can be said to constitute sufficient evidence of probative value to support the presence of the necessary element of intent on appellant's part to deliver the marijuana. The State, in fact, makes no argument as to what evidence or reasonable inferences point to such a finding. We, therefore, hold the evidence is insufficient to support the conviction for dealing in marijuana.

■ Appellant claims the trial court erred in denying his motion to strike the jury panel. The record shows the jury was selected on February 17, 1981. The trial was not had on that day, however, due to failure of two of the State's witnesses to appear. The trial judge excused the panel and admonished the jurors not to discuss the case with anyone. It was fourteen (14) days later, March 3, when trial commenced. Prior to its beginning the judge asked all the jurors if any "had read or heard anything about this matter which has affected [your] ability to be fair and partial [sic] in any way." None responded affirmatively. Appellant concedes there is no case law on the matter but that a fourteen (14) day delay is so long that there is such a great possibility of taint attaching during the time that going to trial with this jury deprived him of a fair trial and due process of law.

We cannot agree. Where taint upon a jury due to exposure to pre-trial publicity or other information about the case is alleged, the appellant is required to show which jurors were so exposed, what the prejudicial publicity was, or how the jurors

were harmed. *Owen v. State,* (1978) 269 Ind. 513, 381 N.E.2d 1235. Where a motion to sequester the jury is made and denied in a non-capital case, it is reversible error on appeal only if an abuse of discretion is shown. *Cobb v. State,* (1980) Ind., 412 N.E.2d 728; *Owens, supra; Roberts v. State,* (1978) 268 Ind. 127, 373 N.E.2d 1103. The record clearly shows the jurors unanimously indicated they read or heard nothing about the case during the fourteen (14) day delay. No evidence of excessive media publicity was shown. There was no error with regard to this issue.

■ Appellant claims the trial court erred in denying his Motion for Discharge. He made this motion pursuant to Ind.R. Cr.P. 4(B), which requires a defendant who has requested an early trial to be discharged if he is not brought to trial within seventy (70) days after the request is filed.

The record reflects appellant moved for an early trial on October 10, 1980. Trial was set for November 14, 1980. On November 14 appellant moved for a continuance due to the alleged failure of the State to comply with a previously issued discovery order. He also moved for a change of judge on that date. The continuance was granted and the motion for change of judge was denied. The trial was also reset on that date for January 5, 1981. Then on December 1, 1980, the judge recanted his previous denial of the motion for change of judge and granted the same. A special judge was selected that same day. He assumed jurisdiction of the case on December 5, 1980. We do not know why trial then did not commence on January 5, the date for which it had been reset. The next entry in the record indicates a pre-trial conference was held on January 16, 1981. Trial was begun on March 3, 1981.

The seventy day time limit, running from the date of the early trial request, October 10, expired on December 19, 1980. Appellant correctly points out the delay between October 10, 1980, and March 3, 1981, was one hundred forty-four (144) days in length, obviously well in excess of the seventy (70) days allowed under Rule 4(B).

Without considering whether under the terms of Rule 4(B) any delay occasioned in this case was attributable to the act of the defendant and thus lengthened the seventy (70) day period, we find appellant's argument on the issue fails. In *Rutledge v. State,* (1981) Ind., 426 N.E.2d 638, 640, we held a movant for an early trial must "maintain a position which is reasonably consistent with the request that he has made." *See also, Utterback v. State,* (1974) 261 Ind. 685, 310 N.E.2d 552. Consequently in *Rutledge, supra,* we held where a movant for an early trial on a date within the seventy (70) day period has trial set for a date outside the limit and he does not then object to the date being set outside the limit, he has abandoned his request and the motion ceases to have legal viability.

In the case at bar the date outside the seventy (70) day limit was set on November 14, 1980, a time well within the seventy (70) days. The record reflects no objection was made by appellant at that time, nor at any time prior to December 19, when the seventy (70) days expired. In fact, we cannot find in what way the issues were raised at all until appellant filed his Motion to Correct Error, wherein he referred to a "motion to dismiss pursuant to Criminal Rule 4." We cannot find any such motion in the record, nor does appellant assist us by citing us to a part of the record in his brief. *See,* Ind.R.App.P. 8.2(B)(5).

No timely objection to the setting of the trial date outside the seventy (70) day limit having been made, the request for an early trial date is deemed to have been abandoned. *Rutledge, supra.* Appellant was not entitled to a discharge under Ind.R. Cr.P. 4(B).

 Appellant claims the trial court erred in enhancing the basic sentence from two to four years without properly setting forth its reasons. We will consider such argument only as it relates to the conviction for Possession of Marijuana as we have found the evidence insufficient to support the conviction for Dealing in Marijuana.

Originally in this case the statement of the court at sentencing was insufficient be-cause it did no more than track the language of portions of I.C. § 35–50–1A–7. This deficiency was corrected when this Court ordered the trial court to comply with the statute. The trial court responded by filing a *nunc pro tunc* entry as to those reasons. We now find the statement is sufficient to satisfy the requirements of the statute and cases. *Page v. State,* (1981) Ind., 424 N.E.2d 1021; *Green v. State,* (1981) Ind., 424 N.E.2d 1014. The trial court referred to specific instances of prior criminal activity reflected in the presentence investigation report. Prior criminal activity is an aggravating factor justifying sentence enhancement. I.C. § 35–50–1A–7(c)(2). The trial court also identified as aggravating circumstances that appellant is in need of correctional or rehabilitative treatment that can best be provided by his commitment to a penal facility and that imposition of a reduced or suspended sentence would depreciate the seriousness of the crime. These factors are named in the statute. The trial court supported these last two findings by reciting the record showed appellant "planned and executed the scheme in question, that he enlisted the assistance of two young men substantially younger than him and who had no prior criminal record [and that he] used this stash of marijuana to entice the favors of a fifteen (15) year old girl ...." We hold the requirement that the I.C. § 35–50–1A–7 factors relied on be spelled out and supported by references to facts evidenced in the record is met.

Appellant's claim the trial court subjected him to double jeopardy by sentencing him upon both a greater and lesser included offense does not need to be considered since we have reversed one of those convictions.

The case is remanded to the trial court with instructions to vacate the entries of conviction and sentence on the charge of Dealing in Marijuana. The conviction for Possession of Marijuana, the two year enhancement of the sentence imposed upon that conviction, and the finding of appellant to be an habitual offender are all affirmed. Appellant is to be sentenced to a thirty-four

(34) year term of imprisonment, a four year term for conviction upon the charge of Possession of Marijuana enhanced by thirty (30) years as called for under the habitual offender statute.

The trial court is in all other things affirmed.

HUNTER, PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result.