**Donald L. KORN, Appellant**
**(Petitioner below),** ·

v.

**STATE of Indiana, Appellee**
**(Respondent below).**

No. 483 S 127.

Supreme Court of Indiana.

June 5, 1984.

Susan K. Carpenter, Public Defender, Sheila K. Zwickey, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The petitioner, Donald Korn, is before this Court appealing from the denial of his petition for relief under Post-Conviction Relief, Rule 1. He was convicted of inflicting injury in the commission of a robbery, commission of a crime while armed, to-wit, rape, and commission of a crime while armed, to-wit, robbery. Thereafter, petitioner was sentenced to life, thirty years, and twenty years' imprisonment, respectively. We then affirmed his conviction in *Korn v. State,* (1978) 269 Ind. 181, 379 N.E.2d 444. He raises the following issue in this petition:

1. Whether petitioner was denied due process of law because of an alleged failure of the prosecutor to turn over certain evidence to the defense.

We first note that petitioner has the burden of proving his grounds for relief by a preponderance of the evidence at the post-conviction relief proceeding. Ind.R.P.C. 1,

§ 5; *Garringer v. State*, (1983) Ind., 455 N.E.2d 335. In our review of the denial of a petition for post-conviction relief, this Court does not weigh the evidence or judge the credibility of witnesses. Only when the evidence is without conflict and leads to but one reasonable conclusion contrary to that reached by the trier of fact will the decision be reversed as contrary to law. *Davis v. State*, (1983) Ind., 446 N.E.2d 1317; *Henson v. State*, (1979) 271 Ind. 325, 392 N.E.2d 478.

### I.

Petitioner argued in his petition for post-conviction relief and argues again here that he was denied his constitutional right to a fair trial. He maintains that the state knowingly and wrongfully withheld evidence which would have shown he was denied his constitutional right of counsel. He argues that the state did not provide him with a tape recording of a pre-trial conversation between himself and Major Bohlen, an Ohio police officer, despite his discovery request for any pretrial statements. Major Bohlen had been in Indiana to question petitioner in connection with another crime which occurred in Ohio. We find petitioner's contention meritless for two reasons.

First, as the post-conviction court specifically noted, there is absolutely no evidence here that the state actually possessed any such tape recording or even knew of its existence. The record indicates that the actual tape of the conversation was at all times in the possession of Ohio authorities. Thus, petitioner has failed to prove that the state in fact withheld evidence in violation of the court's discovery order. *See, Fordyce v. State*, (1981) Ind., 425 N.E.2d 108, 111.

Second, petitioner has failed to prove that the information contained in the taped conversation would have affected the court's ruling concerning the admissibility of petitioner's pretrial confession. A transcript of the tape-recorded conversation between petitioner and Major Bohlen indeed does show that petitioner requested counsel at 3:50 p.m. on January 29, 1975. Later that evening, petitioner asked Ronald Kemp, an Indiana police officer, to contact his family in Ohio because he wanted to confer with them. Petitioner further indicated that after he talked with his family, he also wanted to talk with Major Bohlen and Officer Kemp. The record shows that petitioner's family arrived in Indiana the next day, January 30, 1975, at approximately 11:00 a.m. They told Officer Kemp that counsel had been retained for petitioner. Petitioner then conferred with his family for more than two hours that afternoon. When counsel finally arrived at the station at approximately 4:00 p.m., he met with petitioner's family for about fifteen minutes and was then informed by them that his services would not be needed in this case. Pursuant to petitioner's request of the previous night, Officer Kemp then met with petitioner. Kemp advised him of his constitutional rights, including his right to counsel. Petitioner stated that he understood his rights and further stated that he did not want an attorney. After petitioner executed a written waiver of his rights, he admitted committing the instant crime. Significantly, at no time following his previous day's request to speak to Kemp and Bohlen did petitioner ever invoke his right to counsel. Under these circumstances, we cannot say that had the trial court known of the tape recording in question, it would have ruled differently on petitioner's motion to suppress his confession. We conclude that the post-conviction court's decision is supported by the record.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result.