**Allen Hale POSTON, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 785S297.**

Supreme Court of Indiana.

July 31, 1986.

Susan K. Carpenter, Public Defender, Rick Ranucci, Sp. Asst. to Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

In a trial by jury, appellant was convicted of Robbery, a Class A felony, and was found to be an habitual offender. He was sentenced to thirty (30) years imprisonment for the Robbery to which thirty (30) years was added by reason of his status as an habitual offender. The conviction was affirmed by this Court in *Poston v. State*

(1981), Ind., 429 N.E.2d 643. Appellant now appeals the denial of his Petition for Post-Conviction Relief.

The facts are: At approximately 12:10 p.m., on March 20, 1979, Timothy J. Jordan was attacked and robbed by two men outside the Eastway Bar located at 6117 East Washington Street in Indianapolis. On April 7, 1979, Jordan, after viewing a photographic display, identified appellant as one of the robbers. Following appellant's arrest, Jordan again identified him in a police lineup. Jordan also identified appellant during the trial.

Attorney William Wurster first entered an appearance for appellant but subsequently withdrew because he was expected to testify on appellant's behalf. Following Wurster's withdrawal, Charles Walton appeared for appellant. Appellant informed Walton that he wished to present an alibi defense. He claims to have furnished Walton with the names of several witnesses, including Henry Roach, Larry Watson, Robert C. Green and William Wurster. However, Walton testified in the post-conviction hearing that he had no recollection of the names of Watson and Roach being furnished to him by appellant.

At the original trial Walton did present as witnesses Wurster, Green (an Indianapolis police officer), Shirley Kyles (appellant's girl friend) and Verna Poston (appellant's mother). The sum of the testimony of these witnesses was that, during the alleged time of the robbery, appellant was in downtown Indianapolis. Robert Hinde, a polygraph examiner, testified that appellant lied when he denied the robbery.

Appellant claims his trial attorney, Walton, committed acts and omissions of unreasonable professional judgment as follows: 1) failure to present available persuasive alibi evidence; 2) cursory and incomplete investigation of the alibi defense; and 3) unplanned presentation of alibi evidence.

There is obviously a conflict in the evidence presented at appellant's post-convic-

tion hearing. We do not attempt to weigh the evidence or determine its credibility. *Golden v. State* (1985), Ind., 485 N.E.2d 51. The record discloses that Walton did in fact present the alibi defense requested by appellant and he did in fact present witnesses to testify on appellant's behalf in that regard. We will not weigh the conflict in the evidence as to whether Walton was informed as to all the witnesses as now claimed by appellant.

 There is ample evidence in this record to support the finding of the court in the post-conviction relief hearing that Walton performed in compliance with the standards laid down in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

Appellant claims Walton's incompetency was demonstrated by the fact that he failed to properly prepare Verna Poston and Green as witnesses and as a result their testimony was not as strong in support of appellant's alibi as it might have been. He also claims that Walton failed to specifically establish that it took approximately twelve to thirteen minutes to travel from the alleged scene of the crime to downtown Indianapolis, where appellant was alleged to have been at the time the crime was committed.

The evidence presented at the original trial gave the specific address of 6117 East Washington Street as the location of the crime. The alibi evidence was that appellant was in the downtown area at the same time. This case was tried in Indianapolis by a jury of Indianapolis residents. It is unrealistic to say the entire alibi defense failed because Walton did not establish the specific time necessary to travel the distance indicated by the evidence, nor is it realistic to say he was incompetent because certain witnesses were not properly prepared by him prior to trial. The facts elicited from their testimony were exceedingly simple and not of such a nature as would require lengthy preparation by trial counsel. This is especially true as to the testimony of Green, an Indianapolis police officer, who counsel could presume was experienced in appearing as a witness in criminal trials.

 Even if we would assume for the sake of argument that Walton's preparation could have been better, we must bear in mind that we are viewing it from the position of hindsight and that the reasonableness of Walton's conduct must be evaluated from his perspective at the time. *Strickland v. Washington, supra; Mato v. State* (1985), Ind., 478 N.E.2d 57.

In the record before us we find there is ample evidence to support the court in a denial of the post-conviction relief petition.

The trial court is affirmed.

All Justices concur.